LASSER, P.J.T.C.
Plaintiff contests the 1987 added assessment on real property located at 313 Waterloo Valley Road, Mt. Olive Township, Morris County, New Jersey, known as Block 460, Lot 1 on the tax map. The assessment in contest is $5,900,000, allocated for three months of 1987, or $1,475,000, the improvements having been completed in September 1987. Plaintiff does not contest the three-month allocation but does contest the $5,900,000 assessment on improvements.
*332 The original 1987 assessment on Block 460, Lot 1 is $232,900. This is an assessment for land only, and the 1987 tax records show the land size to be 53.7049 acres.[1]
The tax rate for Mt. Olive Township is $3.14, and the common level of assessment as established by the Director of the Division of Taxation pursuant to N.J.S.A. 54:l-35b is 71.05%, with an upper limit of 81.71% and a lower limit of 60.39%. The last municipal-wide revaluation was for the year 1982. Valuation and discrimination are in issue.
Taxing district’s appraisal expert testified that Lot 1 consists of three building sites. One is occupied by the building leased to SKC America, Inc., and one has recently been leased to United Parcel Service. The third site is occupied by WhittierRuhle Millwork Co., whose company’s warehouse and distribution building is the subject of this added-assessment appeal. Lot 1 is located in the Mt. Olive Foreign Trade Zone but is zoned FTZ-2, which is a zone that does not receive the custom-free benefits that are available to other properties in the foreign trade zone. The subject property is located close to the intersection of Routes 80, 46 and 206.
Although the land is owned by New Jersey Foreign Trade Zone Venture (“FTZV”), this appeal was filed by the attorney for the tenant, Whittier-Ruhle Millwork Co. (“W-R Co.”), in the owner’s name, the attorney for W-R Co. having represented to the court that the attorney for FTZV, although given the opportunity to appear in this matter, declined to do so. The Rockefeller group is a major participant in FTZV. There is a ground lease between FTZV and a partnership named Rock & Ruhle Associates (“R & R”). R & R arranged for the construction of the subject building by Mahony-Troast Construction Co. and leased the building to W-R Co. Plaintiff’s appraisal expert *333 stated that there was a relationship between FTZV and R & R and a relationship between R & R and W-R Co.
The property is improved with an industrial warehouse and distribution-type structure of 158,525 square feet, with a 48,839 square-foot mezzanine. The warehouse area is 150,033 square feet, and the air-conditioned office area is 8,492 square feet.
Since this is the contest of an added assessment, I must determine the taxable value of the property as completed (land and improvements combined) and then subtract the existing assessment (making any necessary ratio adjustments). This is the procedure required by the statute to reflect the added value as a result of the newly-completed improvements. The statute states:
... when any parcel of real property contains any building or other structure which has been erected, added to or improved after October 1 and completed between January 1 and October 1 following, the assessor shall, after examination and inquiry, determine the taxable value of such parcel of real property as of the first of the month following the date of ... such completion, and if such property was not assessed as of October 1 preceding or, if such value so determined exceeds the assessment made as of October 1 preceding, the assessor shall enter an assessment, as an added assessment against such parcel of real property, in the “Added Assessment List.” [N.J.S.A. 54:4-63.3; emphasis supplied]
The statute requires the valuation of the entire parcel of real property, not just the building or other structure added. If this value, with ratio adjustments if necessary, exceeds the assessment as of October 1 preceding, an added assessment must be imposed against the parcel of real property for the difference. 1125-1127 Clinton Ave. Assoc. v. Irvington, 2 N.J.Tax 386, 389 (Tax Ct.1981).
In this case, the parcel of real property consists of 53 acres of land, approximately nine acres of which are leased to W-R Co., together with the building constructed on a portion of these nine acres.
Plaintiff contends that it is contesting only the value of the improvements and has limited its expert appraisal testimony to the value of the building and the land upon which it rests, using only the cost approach, excluding any value for any land or *334 improvements outside the building footprint. Thus, no value was attributed to the paved parking area, curbing, lighting, railroad siding and miscellaneous land improvements necessary to service the building. Taxing district’s expert values not only the building but also the nine acres leased with the building, using the cost and income approaches. Neither expert values the entire 53 acres.[2] There is a clear indication from the testimony of both experts that the land assessment on this 53-acre parcel is obviously inadequate (land assessment $232,-900 -i- 53.7049 acres = $4,337 an acre -r .7105 reflects a full value of approximately $6,000 an acre). Plaintiff's expert ventured the opinion that the land under the subject building has a value of $75,000 an acre, and taxing district’s expert valued the nine acres at $3,450,000, which works out to be approximately $383,000 an acre, (although taxing district’s expert valued the nine acres based on the number of square feet of building permitted to be constructed on it). An optional expansion land area in the W-R Co. lease permitting construction of an additional 68,000 square feet of building is valued by taxing district’s expert at $1,462,000.
Since I have no evidence of the value of the entire 53 acres, and no evidence of topography, the permitted number of square feet of building or other factors that may affect the value of the land, I cannot determine a value for the 53 acres of land. Placing a value on the nine acres leased to this tenant would be meaningless. Therefore, I cannot value the parcel of real property assessed as Block 460, Lot 1 as of the first of the month following the date of completion of the subject improvement, as the added assessment statute requires. If I value the improvement alone or the improvement and the nine acres upon which it rests, and adjust by the applicable common level ratio, the resulting figure when added to the existing land assessment on the entire 53 acres will not properly reflect the value of *335 the 53 acres with its improvements. There is no authority in the statute or the case law which permits this court to determine the value of the improvements alone, without considering the before and after completion values of the land and improvements, because it is the value of the land and improvements combined that is the significant value, the allocation between land and improvements being merely an administrative act. In re Appeals of Kents, 34 N.J. 21, 33-34, 166 A.2d 763 (1961).[3] Plaintiff may not continue to have the benefit of a low land assessment while seeking a reduction in the improvements assessment. It is the combination of the two, the total assessment, that must be determined to be correct or incorrect.
Since no proof has been presented of the value of the Lot 1 land as of October 1, 1986 and no proof of the value of the Lot 1 land and improvements following completion of the building, plaintiff has failed to meet its burden of establishing that the 1987 added assessment is incorrect. I note that this determination is not a finding of value of the property on the merits.
The Clerk of the Tax Court is directed to enter judgment dismissing the complaint.

The tax map shows 51.39 acres, but a survey submitted by the owners to the taxing district shows this lot to be 53.7049 acres, and the assessor apparently relied on this survey rather than the tax map in preparing the tax duplicate. There is no proof that the assessor was in error in using the survey.

There is no evidence as to the assessment or value of the land leased to SKC America, Inc., or the land recently leased to United Parcel Service, or the stage of construction of the SKC building in 1987.

Determining the market value of the land by dividing the land assessment by the chapter 123 ratio, as was allowed in Glen Wall Associates v. Wall Tp., 99 N.J. 265, 491 A.2d 1247 (1985), is not applicable here because in Glen Wall the taxpayer accepted the township’s assessment of the land while challenging the assessment of the improvements. In this case, it is obvious that the land assessment is inadequate.