242 N.J. Super. 170 (1990)
576 A.2d 303
NEW JERSEY FOREIGN TRADE ZONE VENTURE, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF MOUNT OLIVE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1990.
Decided June 13, 1990.
*171 Before Judges PETRELLA, O'BRIEN and STERN via telephone conference.
Steven R. Irwin argued the cause for appellant (Mandelbaum & Mandelbaum, attorneys; Steven R. Irwin, on the brief).
John H. Dorsey argued the cause for respondent (Dorsey & Bell, attorneys; David W. Alvarez, on the brief).
PER CURIAM.
This is an appeal from the determination of the Tax Court dismissing plaintiff's complaint challenging an added assessment based on new improvements. The complaint was prosecuted on behalf of the property owner, New Jersey Foreign Trade Zone Venture (Foreign Trade), by Whittier-Ruhle Millwork Co. (W-R Co.), the tenant who was occupying the most recent addition to the property. W-R Co. constructed a warehouse and distribution building on nine acres of land contained in a much larger lot in Mount Olive Township owned by Foreign Trade. The opinion of the Tax Court is reported in N.J. Foreign Trade Zone Venture v. Mt. Olive Township, 10 N.J. Tax 330, 334 (Tax Ct. 1989), and we refer generally to the facts recited therein.
*172 It appears that there are three separate building sites, all occupied by substantial tenants, and all on one 53.7049 acre lot known as Lot 1, in block 460, on the tax assessment maps of Mount Olive Township. We are informed that despite the fact that there are presently three separate and distinct building sites occupied by different tenants on this lot, the lot has not been subdivided. The taxpayer contends before us, as it did in the Tax Court, that it has a right to contest only the value of the improvements and could limit its expert's appraisal to the building value and the land upon which it rests, the so-called "footprint" of the building. As noted in the reported opinion below, in its expert's appraisal Foreign Trade attributed no value "to the paved parking area, curbing, lighting, railroad siding and miscellaneous land improvements necessary to service the building." 10 N.J. Tax at 334. Unlike a shopping mall, for instance, the uses are not integrated around common areas or interconnected. As we view it, a large part of the problem in this case could have been avoided if there had been a subdivision of this 53 acre lot to accommodate each separate tenant building site. This would have simplified assessments for the various entities constructed separately on the property.[1]
There was also testimony in the record to the effect that the individual in the tax assessor's office who had actually assessed the parcel for the municipality had erroneously assumed that the parcel he assessed in 1987 was approximately four acres. Thus, according to him the rest of the parcel (i.e. some 49 acres) was "inadvertently" not assessed. However, the property record card showed that the parcel was 53.7049 acres, a survey of the parcel submitted by the land owner showed that it was 53.7049 acres, and as pointed out by the Tax Court judge, the tax map showed it to be 51.39 acres. 10 N.J. Tax at 332 n. 1. If *173 there was an error in only assessing four acres rather than 53 acres, then the omitted assessment statute might be implicated. See N.J.S.A. 54:4-63.31 et seq. We note that the record on this appeal, as supplemented, contains an August 8, 1989 resolution of the Township of Mount Olive authorizing a tax appeal by the municipality to correct omissions in the assessment of the subject tax lot.
We reject Foreign Trade's argument that in the absence of proof of land value, it was permissible to presume that the land assessment was correct "and bring it up to 100% by dividing the land assessment into the equalization ratio." We agree with Judge Lasser's determination that the applicable added assessment statute, N.J.S.A. 54:4-63.3 "requires the valuation of the entire parcel of real property, not just the building or other structures added." 10 N.J. Tax at 333. It is clear from the testimony that there was an obvious error in the land valuation since even the site owner's expert valued the land in the footprint of the building (some 3.639 acres) at $75,000 per acre,[2] while Mount Olive's expert valued the entire nine acres leased by W-R Co. at approximately $383,000 an acre, or $3,450,000. This compared with the 1987 assessment of $232,900, supposedly for the entire 53 acre parcel, which amounted to approximately $4,337 an acre, and reflected a full value of approximately $6,000 an acre, taking into account the common level of assessment of 71.05%.
Foreign Trade was given ample opportunity to introduce additional expert testimony as to the value of the entire parcel, but consistently chose not to produce it. It was content to rely upon the "presumptive correctness" of the assessment. However, it later conceded that the assessment was inadequate. Hence, it should have known that the presumption accorded to *174 an original assessment under such cases as Glen Wall Associates v. Wall Township, 99 N.J. 265, 273, 491 A.2d 1247 (1985), could not be relied upon in this case. Glen Wall did not establish that the original assessment had to be accepted by the court, only that it was presumed to be valid, absent evidence to the contrary. 99 N.J. at 273, 491 A.2d 1247. In this case, there was clearly evidence to the contrary. The assessment of the parcel was patently "inadequate." The parties in this case failed to appreciate that in order to establish the proper added assessment for the parcel, the Tax Court needed reliable evidence of the value of the entire parcel with all improvements included.
Foreign Trade claims that the Tax Court decision should be reversed because, otherwise, Mount Olive is allowed to recover taxes through an added assessment proceeding which are only recoverable through an omitted assessment proceeding. However, that argument fails to take into account that the statute authorizing added assessments requires a determination of the value of the entire parcel. The lack of information on the value of the entire parcel is due essentially to the position taken by Foreign Trade. Hence, it is through Foreign Trade's action that the judge was unable to determine the parcel's value.
We likewise reject Foreign Trade's argument that the judge erred by not allowing it to "contest the added assessment (occasioned by the construction of a building [as] the improvement without contesting the land)." In its argument it relies on Judge Lasser's statement:
There is no authority in the statute or the case law which permits this court to determine the value of the improvements alone, without considering the before and after completion values of the land and improvements, because it is the value of the land and improvements combined that is of significant value, the allocation between the land and improvements being merely an administrative act. [10 N.J. Tax at 335; emphasis added].
When Judge Lasser made this statement he was obviously paraphrasing his earlier conclusion that he could not determine an added assessment for improvements without first determining the proper value for land and improvements as required by *175 N.J.S.A. 54:4-63.3. See 10 N.J. Tax at 333. Hence, as we view it, he never reached the issue of whether the added assessment could be challenged by Foreign Trade without also challenging the assessment itself. Rather, he was addressing his inability to determine the underlying value of the entire parcel. Our interpretation of his opinion is fortified by his citation to Glen Wall Associates v. Wall Township, supra in footnote 3 of his opinion [10 N.J. Tax at 335 n. 3].
In Springfield Township v. Weinberg, 178 N.J. Super. 83, 92, 428 A.2d 115 (App.Div. 1981), we did state in dicta that a taxpayer might "appeal the assessment only on the land or the improvements and need not appeal both." Thus, arguably, a taxpayer may appeal an added assessment improvement without challenging the land assessment. However, in this case, as we have noted, there are valid reasons for not accepting the assessment of the value of the land, and neither party presented evidence of the value of the 53 acres. Under such circumstances, a court need not accept the presumptive validity of the land assessment. Where neither party carries the burden of proof of establishing the value, the original assessment should stand. WCI-Westinghouse, Inc. v. Township of Edison, 9 N.J. Tax 86 (App.Div. 1987). Moreover, we find no authority requiring that certain improvements on a parcel be separately assessed from other improvements on the very same parcel, and this is what Foreign Trade apparently was trying to do. Hence, Foreign Trade's attempt to challenge the added assessment on one of the three buildings on the parcel, without establishing the value of the other two buildings, rendered its application deficient.
We reject Foreign Trade's argument asserting that it is unfair for a municipality to force a taxpayer to "surrender" an underassessment of the land value portion of the assessment in order to contest an excessive added assessment of the building portion. The quarrel is essentially with the statutory mechanism that requires valuation of the entire parcel. We find no *176 unfairness under the circumstances. This is not a situation involving mere deviations in valuation over time or by inadvertence. We also reject Foreign Trade's reliance on our decision in West Milford Township v. Van Decker, 235 N.J. Super. 1, 10, 561 A.2d 607 (App.Div. 1989), certif. den. 117 N.J. 661, 569 A.2d 1354 (1989), certif. granted on reconsideration 118 N.J. 221, 570 A.2d 976 (1989). This is not an instance of either discriminatory assessment or spot assessment. In addition, Judge Lasser did not reach those issues in his decision and did not preclude a challenge to an assessment for an improvement without challenging the assessment for land in a proper case. However, because the original assessment was not reliable, this was not a proper case. Moreover, Van Decker involved the improper practice of a tax assessor increasing assessments of properties based solely upon sales prices. It was that practice that was held to be improper. 235 N.J. Super. at 10, 561 A.2d 607. New construction or additions were not involved. Van Decker expressly did not apply to added assessments which are triggered, as in the instant case, by N.J.S.A. 54:4-63.3, which makes the added assessment of improvements completed during the tax year mandatory.
With these comments we affirm substantially for the reasons stated by Judge Lasser in his opinion reported at 10 N.J. Tax 330.
NOTES
[1] We do not address the propriety of such multi-uses on a single lot under Mount Olive Township's Planned Industrial Ordinance. The zoning of this property is described in the Tax Court opinion. 10 N.J. Tax at 332. The lease provisions with respect to payments of real estate taxes are not before us.
[2] Thus, by Foreign Trade's appraisal, the 3.639 acres would be valued at $272,925, which exceeded the $232,900 assessment for the lot of approximately 53 acres.