ARNOLD M. STEIN, J.A.D.,
dissenting.
I would remand to the Tax Court and require the trial judge to fix the value of Ford’s property.
The tax assessor, with the assistance of not much more than one or two evaluation manuals and a computer, and without the benefit of a wall-to-wall inspection, was able to fix the value of this multi-million dollar property. This valuation is afforded a presumption of correctness. Pantasote Co. v. City of Passaic, 100 N.J. 408, 412-13, 495 A.2d 1308 (1985).
On appeal by Ford and cross-appeal by Edison, the County Board of Taxation, following a hearing that lasted at most one or two days, again fixed the value of this property. A presumption of correctness also attaches to the county board judgment. Rodwood Gardens v. City of Summit, 188 N.J.Super. 34, 38-39, 455 A.2d 1136 (App.Div.1982).
*249 The de novo trial in the Tax Court took sixteen days. Testimony was taken from appraisers, architects and engineers. Each party’s appraiser underwent several days of direct and cross-examination. In a lengthy opinion (forty-nine printed pages, seventy-five typewritten), the trial judge concluded that neither party had sustained the burden of proving the incorrectness of the County Board’s assessment. Ford Motor Co. v. Edison Tp., 10 N.J.Tax 153, 200 (Tax Ct.1988). He stated:
In this proceeding each party has exceeded itself in demonstrating the deficiencies in the valuation approaches as advanced by its adversary. I find that each of the valuation methodologies employed in this case has sufficient deficiencies that dictate my rejection of the valuation estimate derived by that method. Furthermore, I am not able, based on the record, to make supportable adjustments to the data submitted to fix an appropriate valuation. [Id. at 201].
This is an unsatisfactory result, not worthy of the considerable and otherwise commendable efforts expended by the trial judge. Something like a well-tailored garment constructed with only one sleeve.
I have no quarrel with the trial judge’s conclusions that the present use of the Ford property, an automobile assembly plant, is its highest and best use; that plaintiff’s comparable sales data was insufficient to support a market data approach to fixing value; and that the property was not suitable to an income approach analysis. Those findings are supported by substantial credible evidence on the record below. G & S Co. v. Eatontown Bor., 6 N.J.Tax 218, 220 (App.Div.1982). I disagree with the judge’s conclusion that there were “sufficient deficiencies” to “dictate” rejection of the valuation proofs offered by the parties on cost approach.
I also understand that proofs can be so inept, so inadequate that the proponent can fail to sustain its burden by a preponderance of the evidence. This is not such a case. The trial judge reached this non-result by relying upon the judicially-created presumption of correctness which attaches to the county tax board’s valuation of the property—a rather curious proposition in the setting of a de novo trial by the Tax Court. However, this is not the proper case to test this presumption, by now a matter of long-established case law. Union City Assoc. v. City *250 of Union City, 115 N.J. 17, 25, 556 A.2d 769 (1989); Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 175, 87 A.2d 425 (1952); Rodwood Gardens, Inc. v. City of Summit, supra. My point is that absent the prop of this presumption, this competent and conscientious judge would undoubtedly have weighed the considerable evidence before him and fixed the value of this property. He was able to make a finding of the property’s per-acre value. A less finicky dissection of the extensive cost-approach proofs would have resulted in a valuation of the structures located on this land. Moreover, this was a lengthy bench trial. If the trial judge was concerned with the incompleteness of some of the valuation proofs, he could, as a last resort, have informed the parties of the proof problem areas and required submission of further evidence.
My colleagues view the trial judge’s inability to fix a valuation for this property as “an extraordinary case”. Slip op. at 5. The failure to make the ultimate finding of valuation in these tax appeals is not an extraordinary event. See WCI-Westinghouse, Inc. v. Edison Tp., 7 N.J.Tax 610, 617 (Tax Ct.1985) (“in this case I am not satisfied that either party sustained the requisite burden of proof”). We affirmed that holding in a brief per curiam opinion. 9 N.J.Tax 86, 87 (App.Div.1987). See also Foreign Trade Zone v. Mt. Olive Tp., 242 N.J.Super. 170, 175, 576 A.2d 303 (App.Div.1990) (“where neither party carries the burden of proof of establishing the value, the original assessment should stand”). What started as an aberration has now acquired the stature of a legal proposition, one with its own life.
I join my colleagues in reiterating the Supreme Court’s admonition in Glen Wall Associates v. Wall Tp., 99 N.J. 265, 491 A.2d 1247 (1984):
The Tax Court’s decision places an onerous burden on the taxpayer and ignores the time and expense such a burden imposes on a litigant. In this day of rising litigation expenses, it is important for the courts to adopt reasonable limits on what is to be expected of a litigant in presenting his case through the use of an expert. [Id. at 284].
I would reverse and remand to the Tax Court to fix the value of this property, instructing the trial judge to take whatever *251 supplemental proofs he thinks necessary; and for such other proofs the judge thinks necessary to determine whether certain disputed items are taxable as real property. N.J.S.A. 54:4-1 and 54:11 A-2, both as amended by A. 1986, c. 117.