PER CURIAM.
Harrison Realty Corp. (Realty Corp.) appeals from the Tax Court determination of the true value of its industrial property in the Town of Harrison (Harrison) as of the October 1, 1994 real property assessment date for tax year 1995, in an amount slightly higher than the prior assessments. On its appeal from the Tax Court’s finding that the true value of the subject property on the assessing date was $4,201,600,[1] Realty Corp. argues that the judge either ignored or did not give sufficient weight to the recent purchase price of the property just five months before the assessment date, used flawed income analysis, erred in making certain calculations and determinations, and improperly refused to consider a lease offering in determining the economic rent figure for use in income analysis.
*176 The facts are fully set out in the reported opinion of the Tax Court in Harrison Realty Corp. v. Harrison, 16 N.J.Tax 375 (Tax Ct.1997), and we need not repeat them at length here. Realty Corp. acquired title on May 5,1994, for the reported consideration of $2,150,000. A July 1994 lease to Print Perfect Express, Inc. was for five years at $3 per square foot for 53,600 square feet of warehouse space and $1.25 per square foot for 9,000 square feet of office space. The January 1995 lease to Inner Secrets, Inc. was at the rate of $3.25 per square foot for 53,600 square feet of warehouse space. There was a tax stop (sometimes called a “tax escalator” clause) in each lease. Realty Corp. argues that the Tax Court erred by disregarding or ignoring the different rental rates, choosing what he deemed to be the appropriate vacancy factor, and disregarding the cost of tenant alterations. The Tax Court judge did find significant, as did Realty Corp.’s appraiser, that Realty Corp., although using slightly more than half of the 244,583 square feet of the industrial building, had leased out the remaining 116,200 square feet of the property to two different entities under July 1994 and January 1995 leases.
A taxpayer, on a challenge to an assessment, has the burden of proof to establish that the assessment is erroneous. Pantasote Co. v. City of Passaic, 100 N.J. 408, 412-413, 495 A.2d 1308 (1985). Moreover, a certain deference is accorded to decisions of the judges of the Tax Court because of their special expertise. Southbridge Park, Inc. v. Borough of Fort Lee, 201 N.J.Super. 91, 94, 492 A.2d 1026 (App.Div.1985); Jablin v. Northvale Borough, 13 N.J.Tax 103, 107 (App.Div.1991). In addition, the Tax Court may apply its own judgment to the data submitted to arrive at its determination of true value. Glenpointe Associates v. Township of Teaneck, 241 N.J.Super. 37, 46-47, 574 A.2d 459 (App.Div.1990).
Our review of the record satisfies us that there is sufficient credible evidence to support Judge Crabtree’s factual determinations and findings. Judge Crabtree’s finding that the property was income producing and that the income approach was appropriate, rather than the sales comparison approach, is sup *177 ported by the record. The judge properly considered and applied Glen Wall Associates v. Township of Wall, 99 N.J. 265, 281-282, 491 A.2d 1247 (1985), which recognized that a bona fide sale of property which is not remote should be taken into account as an indication of fair value, but should not necessarily be dispositive. See also Rek Investment Co. v. City of Newark, 80 N.J.Super. 552, 194 A.2d 368 (App.Div.1963). The sale price is only deemed dispositive when special indicia of reliability and peculiar circumstances are present, as the sale price is often not reflective of true value for tax purposes. Glen Wall, supra (99 N.J. 265, 491 A.2d 1247); Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 65 A.2d 828 (1949); Romulus Dev. Corp. v. Town of West New York, 7 N.J.Tax 305, 317 (Tax Ct.1985).
The evidence indicates that Judge Crabtree correctly applied the income approach to the valuation. The income produced by the two leases signed shortly after Realty Corp. bought the property (amounting to approximately one-half of the square footage of the property; Realty Corp. occupies the remainder) is, as the judge calculated, significantly higher than would be expected on a property purchased for $2,150,000. Judge Crabtree was not bound by the distinction in one lease which fixed a smaller square foot rental for the approximately 9,000 square feet of office space in that lease, as the income approach requires economic, not actual rent.
We have carefully reviewed the record in light of the arguments and contentions of Realty Corp. and conclude that there is no warrant for our intervention. We affirm substantially for the reasons expressed by Judge Crabtree in his written opinion dated January 10, 1997, reported at 16 N.J.Tax 375 (Tax Ct.1997).
Affirmed.

 The property consisted of a fifty year old industrial building of 244,583 square feet on 6,815 acres. The 1995 assessment, the same as for a number of prior years, had been $4,100,000 (comprised of $1,363,100 for the land and $2,736,900 for the buildings). An added assessment of $83,333 ($250,000 pro rated for four months) was rejected and canceled by the Tax Court. That action is not the subject of any cross-appeal.