KAHN, J.TU.
This decision addresses the validity of an added assessment for 1997 imposed on taxpayer’s property for alleged improvements made by taxpayer, subsequent to October 1,1996.
Plaintiff,' Michael Otelsberg (“taxpayer”), purchased the subject property (one-family house and lot) on December 10, 1996. The improvement is a three bedroom, single family home located at 56 Hearthstone Road, also known as block 1086, lot 22, in the Township of Bloomfield (“municipality”). Taxpayer purchased the property for $135,000 contending that the house contained negative features, such as unpleasant odors, an outmoded kitchen, and evidence of other neglect. In January 1997, taxpayer completed renovations, which included replacement of the carpet in the living room, dining room, hallway, and three bedrooms, renovation of the kitchen [1] , and new interior painting. The cost of the materials for said improvements was $5,400.[2] Taxpayer acknowledged that there was no out-of-pockét labor cost since he performed the labor himself. There is no dispute that taxpayer did not apply for permits for any of the work performed on the subject property. Taxpayer received his 1997 notice of assessment for $162,300, and appealed same to the Essex County Board of Taxation (“County Board”).
On or about May 1, 1997, the healing date, taxpayer appeared pro se before the County Board, wherein he met with the municipality’s tax assessor (“assessor”) and discussed settlement. Tax *247 payer and the assessor agreed that the 1997 assessment would be reduced to $135,000, reflecting taxpayer’s purchase price. At the time of the settlement, the assessor was aware that the post-October 1996 improvements were completed in January 1997, since he acknowledged inspecting the subject property in January 1997. Taxpayer testified that the assessor did not indicate, during the settlement conference, that the municipality would later impose an added assessment on the subject property. The assessor, on the other hand, testified that he did not have any recollection of whether or not the possibility of an added assessment was discussed. On May 16, 1997, the County Board entered judgment reducing the assessment in accordance with the agreement.
Subsequent to the execution of the County Board’s judgment, the municipality levied an added assessment of $36,700 on the property for 1997, prorating same for six months at $18,350. The assessor testified that taxpayer’s aforesaid improvements increased the value of taxpayer’s property by a total of $36,700. On appeal by taxpayer, the County Board upheld the added assessment, which determination was subsequently appealed to the Tax Court.
For the reasons hereinafter set forth, this court finds that the added assessment on taxpayer’s property for the 1997 tax year is valid.
N.J.S.A. 54:4-63.3 permits a municipality to impose an added assessment on a property, when the building or structure has been “erected, added to or improved after October 1[3] and completed between January 1 and October 1[4].... ” N.J.S.A. 54:4-63.3. The purpose of an added assessment is to allow the municipality to add to the assessment of a property in a given tax year because of improvements made subsequent to the dates prescribed by N.J.S.A. 54:4-63.3. Snyder v. South Plainfield Boro., 1 N.J.Tax *248 3, 7 (Tax 1980). Without the added assessments, an improved property would escape taxation for a period of several months until the next regular assessment date. Ibid.
Taxpayer contends that the May 16,1997 judgment reflects the true value of the subject property for 1997 and binds the municipality to that assessment. In a similar case, United States Postal Serv. v. Town of Kearny, 17 N.J.Tax 397 (Tax 1998), this court held that the settlement negotiation and subsequent execution of the stipulation of settlement did not incorporate, nor did it waive the municipality’s right to impose an added assessment. This court finds, consistent with that ease, that the executed stipulation of settlement in this litigation related only to the assessment under review at the time the settlement was made. The added assessment was not yet levied on May 1,1997, nor was it before the County Board when they entered judgment based upon the stipulation of settlement.
In contesting the added assessment on its merits, taxpayer has the burden of proof to establish by a preponderance of the evidence that the assessment appealed from is invalid. New Jersey Foreign Trade Zone Venture v. Mount Olive Tp., 242 N.J.Super. 170, 173-74, 576 A.2d 303 (App.Div.1990), aff’g 10 N.J.Tax 330 (Tax 1989); Lorenc v. Bernards Tp., 5 N.J.Tax 39, 52 (Tax 1982), aff’d sub nom. Sage v. Bernards Tp., 6 N.J.Tax 349 (App.Div.1984). It is settled that there is a presumption of correctness of a tax assessment made by a local taxing authority. Glen Wall Assoc. v. Wall Tp., 99 N.J. 265, 273, 491 A.2d 1247 (1985), rev’g 6 N.J.Tax 448 (App.Div.1984), aff’g 6 N.J.Tax 24 (Tax 1983). The presumption of correctness is overcome when the moving party presents sufficient and competent evidence to establish true value of the property. Ibid. The evidence must not only be sufficient, but also “definite, positive and certain in quality and quantity to overcome the presumption.” Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99, 105, 89 A.2d 385 (1952). Further-moi’e, the taxpayer must prove “the value of the entire property, land and building, and may not simply accept the land assessment where that assessment is demonstrably unreliable.” Rockaway 80 *249 Assoc. v. Rockaway Tp., 15 N.J.Tax 326, 336 (Tax 1996). See also New Jersey Foreign Trade Zone, supra, 242 N.J.Super. at 176, 576 A.2d 303. In order to determine an added assessment, Judge Lasser stated:
There is no authority in the statute or the case law which permits this court to determine the value of the improvements alone, without considering the before and after completion values of the land and improvements, because it is the value of the land and improvements combined that is the significant value, the allocation between the land and improvements being merely an administrative act.
New Jersey Foreign Trade Zone, supra, 10 N.J.Tax at 335.]
In that case, the Tax Court rejected the taxpayer’s argument that they should not lose the benefit of a favorable assessment as a result of litigating the added assessment. New Jersey Foreign Trade Zone, supra 242 N.J.Super. at 175, 576 A.2d 303. The taxpayer failed to show that the added assessment was invalid because they relied on the “presumptive correctness” of the settled assessment, and did not introduce expert testimony to refute the added assessment. New Jersey Foreign Trade Zone, supra, 242 N.J.Super. at 173-74, 576 A.2d 303. The court opined that taxpayer “failed to appreciate that in order to establish the proper added assessment for the parcel, the Tax Court needed reliable evidence of the value of the entire parcel with all improvements included.” Id, at 174, 576 A.2d 303. This court is mindful of the fact that this ease is an appeal of a single family home, and is aware of the cost of litigating this action. See Glen Wall Assocs. v. Wall Tp., supra, 99 N.J. at 277, 491 A.2d 1247. Although it may not be cost effective to engage an expert witness, taxpayer is not relieved from the responsibility of providing this court with competent and sufficient evidence of value. Id. at 273, 280-81, 491 A.2d 1247; New Jersey Foreign Trade Zone, supra, 242 N.J.Super. at 174, 576 A.2d 303.
In the present case, taxpayer did not establish by a preponderance of the evidence that the added assessment was invalid. He failed to present both expert testimony and an appraisal report during trial. Taxpayer relied solely upon his experience as the manager of the Century 21 — Thomas Realtors to testify about his general knowledge of real estate values in the Township of Bloomfield. His testimony only included a description of the condition of *250 the subject property at the time of purchase and the nature of the improvements made. Taxpayer, however, did not testify as to value nor did he produce sales of comparable properties from which to draw a conclusion of value. Although he may be more knowledgeable about real estate than the average homeowner, nevertheless, taxpayer failed to present any evidence of value. There is, therefore, no authority to support taxpayer’s use of the May 16, 1997 settlement of $135,000 as an independent method of valuation of the subject property.
The municipality countered taxpayer’s testimony by presenting the municipal assessor as an expert witness. The assessor offered an appraisal report, using comparable sales as an approach to valuation. The assessor adjusted the comparables to the subject property, concluding that the value of the subject property is $171,700. The total value was based upon the initial improvement of $135,000 and the added assessment of improvement of $36,700. Although the expert witness acknowledged his inability to gain access to the interior of some comparables, the evidence submitted by the municipality is more reliable than any evidence submitted by taxpayer.
Taxpayer relied exclusively on Harrison Realty Corp. v. Town of Harrison, 16 N.J.Tax 375 (Tax), aff’d 17 N.J.Tax 174 (App.Div.1997), Certif. denied, 153 N.J. 213, 708 A.2d 64 (1998) which held that the improvements made on the property were such that they did not constitute an added assessment under N.J.S.A. 54:4-63.3. The adjustments made on the property consisted of renovating the office space and installing a demising wall and three overhead loading doors. No other proofs of cost or the value of the improvements were submitted in that case. The Tax Court concluded that it was irrelevant that the work done increased the value of the property, since the following tax year would reflect such an increase. Id. at 385.
N.J.S.A. 54:4-63.3 consists of three distinct words, “erected, added to or improved”, that grant authority to the municipality to levy an added assessment. The Tax Court, in Harrison Realty Corp., supra, defined the term “improved” as:
*251 The mere retrofitting, upgrading or remediation of deferred maintenance does not constitute an addition to the property; nor does it constitute an improvement. The term “improved,” as used the statute must, under the doctrine of ejusdem generis, be read in the context of the word “added” as used in the statute. That is to say, an improvement is in the nature of an addition.
[Id. at 385 (Citations omitted).] [5]
There is no other case law, other than the Tax Court’s decision in Harrison Realty Corp. v. Town of Harrison to provide guidance to the meaning of “improved” in N.J.S.A. 54:4-63.3. In that case, the Tax Court applied the doctrine of ejusdem generis to interpret the word “improved” to be used in the statute to mean something in the nature of an addition. Harrison Realty Corp., supra, 16 N.J.Tax at 385. The Supreme Court in Edwards v. Mayor, etc. of Borough of Moonachie, 3 N.J. 17, 23, 68 A.2d 744 (1949) stated:
The rule of ejusdem generis is in aid of construction where the expression is of doubtful meaning; and it has no application where the legislative design is expressed in plain and unambiguous terms. The doctrine is a specific application of the maxim “noseitur a sociis;” and it would be a perversion of its essential purpose if it were allowed to render general words meaningless. It is not an absolute formula that overrides all other canons of interpretation; and it is never applied to defeat the legislative purpose revealed by the provision in its entirety, giving to all the terms their norma] sense and significance. It goes without saying that general terms in a statute must be given a meaning beyond the particular words where it is plain from the whole that they were used in a broader sense. As with all other canons of construction, the doctrine yields to the intention revealed by the context, viewing the language m its ordinary acceptation.
[Edwards v. Mayor of Moonachie 3 N.J. 17, 23, 68 A.2d 744 (1949) (citations omitted); See Resnick v. East Brunswick Tp. Bd. of Ed., 77 N.J. 88, 100, 389 A.2d 944 (1978) (concluding that the religious activities held after school hours were within the meaning of the statute, even though the statute does not specifically grant the school board with the authority to allow religious services to be carried out in a public school)]
The doctrine of ejusdem generis is inapplicable where the meaning is clear, and in this case, the word “improved” is not ambiguous in the context of the statutory scheme. This court, therefore, respectfully declines to adopt the Tax Court’s .interpretation in Harrison Realty Corp., which found “improved” to mean solely *252 physical additions to the property. Furthermore, this court distinguishes improvements that are retrofitting, upgrading, or remediation from those improvements that substantially increase the value of the property.
The term “improve” is defined “to meliorate, make better, to increase the value or good qualities of, mend, re-pah*....” Black’s Law Dictionary, 757 (6th ed.1990). It is a settled principle of statutory construction that “the language of a statute should be given its ordinary meaning and construed in a common sense manner.to accomplish the legislative purpose.” State v. Pescatore, 213 N.J.Super. 22, 28, 516 A.2d 261 (App.Div.1986), affd o.b., 105 N.J. 441, 522 A.2d 440 (1987) (quoting In re Barnert Memorial Hosp., 92 N.J. 31, 40, 455 A.2d 469 (1983)). Furthermore, the Supreme Court in Paper Mill Playhouse v. Millburn Tp., 95 N.J. 503, 472 A.2d 517 (1984), states that “construction that will render any part of a statute inoperative, superfluous or meaningless, is to be avoided.” Paper Mill supra, 95 N.J. at 521, 472 A.2d 517 (quoting Abbotts Dairies v. Armstrong, 14 N.J. 319, 328, 102 A.2d 372 (1954)). If the term “improved” was to be interpreted in the nature of an addition, then the word is extraneous since “added” is already included in the statute. This court construes said statute to include any improvements that increase the value of property, although it does not increase the square footage of the subject property. This court recognizes that an addition to an already existing structure or an erection of a new building, generally increases the value of property. Improvements, however, can significantly increase the value of property without augmenting the structure. This court, therefore, finds that “improved” does not exclusively mean actual physical addition, rather, it means any change to the building which increases the value of the property.
A municipality is empowered by the added assessment statute to levy additional taxes to a property where there has been an increase in the value of the property. Rockaway 80 Assocs., supra, 15 N.J.Tax at 332-33. The fact that there is no addition to the square footage of the house is not dispositive of an added *253 assessment appeal, rather, an increase in the value of the property as a result of the improvements is the relevant issue. In this case, taxpayer painted the walls, re-carpeted the house, and renovated the kitchen with new cabinets, appliances, and linoleum floor. All these improvements combined not only improved the quality of the home, but also created a significant increase in the value of the property. Whether or not a single improvement, such as repainting the interior walls, warrants an added assessment is not the issue before this court.
Taxpayer cannot rely solely on the notion that the improvements made on the subject property were not additions thereto. Taxpayer failed to provide any competent evidence of value in the first instance, and the municipal expert witness provided reliable evidence that taxpayer’s improvements created an increase in the value of the subject property. For the foregoing reasons, this court finds that the added assessment is valid, and judgment is hereby entered as follows for 1997:
Added Improvements $ 36,700.00
(12 months)
Prorated for 6 months $ 18,350.00

 The renovation of the kitchen included new cabinets, new appliances, new counter-top, new linoleum floor, new electrical outlets and light fixtures, new sheetrock in the kitchen wall that were damaged from removing the old cabinets, and removal of the upper half of the wall separating the kitchen and dining room.

 The cost of $5,400 does not include the new appliances installed in the kitchen.

 In this litigation, October 1 refers to October 1, 1996.

 In this litigation, January 1 and October 1 refers to 1997, the relevant tax year.

 The Appellate Court affirmed the trial court's decision with respect to the method of valuation but did not address the issue of the added assessment because it was not a subject of the appeal. Harrison Realty Corp., supra, 17 N.J Tax at 175 n. 1.