SMALL, J.T.C.
The three plaintiffs appeal the tax assessments on their personal residences for the years 1996 and 1997. These matters are before me on the parties’ cross-motions for summary judgment, pursuant to R. 4:46. All plaintiffs purchased residences in Montclair in 1995. Subsequent to their purchase, the tax assessments oi\ their houses were increased for the 1996 and 1997 tax years. Plaintiffs claim that these new increased assessments were prohibited spot assessments, and that the assessments on the subject properties for 1996 and 1997 must be the same amount as the 1995 amount. West Milford Tp. v. Van Decker, 235 N.J.Super. 1, 561 A.2d 607 (App.Div.1989), aff’d, 120 N.J. 354, 576 A.2d 881 (1990). Montclair argues that the changed assessments were not prohibited spot assessments and that it is entitled to summary judgment affirming the assessments. Montclair also moves to dismiss the 1996 cases on the grounds that the appeals were not timely filed. Plaintiffs respond, claiming that they did not receive a notice of change of assessment for 1996, which prevented them from taking timely appeals to the county board of taxation. *202 N.J.S.A. 54:3-21, 54:4-38.1. The 1997 appeals were timely filed at the county board and the Tax Court.
A prohibited spot assessment is the reassessment of a recently sold property based solely on its sales price when other properties which did not sell are not reassessed. It is sometimes informally referred to as a “Welcome, Stranger” system of tax assessment, West Milford Township v. Van Decker, 120 N.J. 354, 361, 576 A.2d 881 (1990), and violates the uniformity provisions of our State Constitution, N.J. Const, art. VIII, § 1, ¶ 1. See also Allegheny Pittsburgh Coal Co. v. County Commission, 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989). Property tax assessments may be revised for less than all properties without a complete revaluation. Van Decker, supra, 235 N.J.Super. at 10, 561 A.2d 607, 120 N.J. at 362, 576 A.2d 881; Calton Homes v. West Windsor Tp., 15 N.J.Tax 231, 252 (Tax 1995). For example, Section 902.2 of the Handbook for New Jersey Assessors, instructs assessors to reassess property when there have been improvements. Local Property and Public Utility Branch, Division of Taxation — Department of the Treasury, State of New Jersey, Handbook for New Jersey Assessor § 902.2 (1989) N.J.S.A. 54:4-23- imposes a duty upon the assessor to review assessments annually and to revise .them in light of changed valuation factors affecting individual properties. Quinn v. Jersey City, 9 N.J.Tax 128, 133-34 (Tax 1987), overruled on other grounds by West Milford Tp. v. Van Decker, 235 N.J.Super. 1, 22, 561 A.2d 607 (App.Div.1989), aff’d 120 N.J. 354, 576 A.2d 881 (1990). It is also important to note that spot assessment determinations are fact-sensitive. Of the many allegations of spot assessments in New Jersey, only one has been sustained. Van Decker, -supra. For example, the Appellate Division has found that, although an addition to an industrial park led to an added assessment, such administrative adjustment was not a forbidden spot assessment. Foreign Trade Zone Venture v. Mount Olive Tp., 242 N.J.Super. 170, 176, 576 A.2d 303 (App.Div.1990).
In the cases before me, the assessor of Montclair made administrative adjustments for various physical improvements to the *203 three properties which were not reflected in the property record cards made as part of the most recent (1989) revaluation. Plaintiffs allege that the assessor raised the assessments due to the sale and transfer of the subject properties in 1995. The assessor certifies that she made her decision based on a review of multiple real estate listings of properties in the municipality, and a comparison of the actual characteristics of the houses with the descriptions on the 1989 property record cards.
Under Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 666 A.2d 146 (1995), summary judgment is appropriate when material facts, viewed most favorably to the nonmoving party, are so one-sided that the moving party must prevail as a matter of law.
Plaintiffs have submitted certifications which show that, in 1996, Montclair made upward adjustments to the assessments of 139 line items that were not also subject to added assessments. (An added assessment is an assessment based on improvements to the property which cause an increase in value after the October 1 assessing date for the tax year. N.J.S.A. 54:4-63.1 to -63.3). Of those 139 adjustments, sixty had been transferred in arm’s length sales during 1995 or 1996. A similar analysis showed that, for the 1997 assessment list, seventeen line items had increased assessments, and five of those seventeen properties had been transferred in arm’s length transactions in 1996.
Plaintiffs argue that the percentages of changed assessments (43.17% of the revised assessments in 1996 were for properties that sold in 1995, and 29.4% of the revised assessments for 1997 were for properties that sold in 1996) are similar enough to the 46.2% revised assessments on prior year sales in West Milford v. Van Decker, supra, 235 N.J.Super, at 6, 561 A.2d 607, to invalidate the new assessments as spot assessments.
Montclair responds with a certification from the assessor which states the specific reasons for each of the reassessments. Those reasons include (a) many incomplete descriptions of the properties on the property record cards, such as “rehab/no permits,” “kitchen *204 renov.,” “vac. land to new home,” and (b) other reasons unrelated to sales or physical improvements, such as “open permits,” “freeze act expired.” Thus, for each corrected assessment, there is an underlying justification for the revised assessment. Each house with a revised 1996 assessment had a description on the 1989 property record card which differed from the actual condition of the house on October 1, 1995 and for October 1, 1996 (the valuation dates for the 1996 and 1997 assessments).
Specifically, for the three properties whose assessments are challenged in this litigation, the assessor’s review of the properties disclosed the following facts with respect to them actual conditions which were not reflected on the 1989 property record cards:
1. Con-ado: Remodeled kitchen, central air conditioning, ISO square feet of additional living space.
2. Ogden: Pool, patio, two fireplaces, renovated kitchen, third floor, additional land.
3. Ratliff: Full basement, ree.room and fireplace, central air conditioning.
Thus, there were adequate non-sales related justifications for the assessor to have changed the property record cards and the assessments of the three properties whose assessments are challenged in the eases before me. There is no dispute that the final assessments of the three properties are fair assessments of value under the statutes. The sole issue is whether, under Van Decker, supra, the selection of these recently sold properties for review and revised assessments constituted impermissible “spot assessments.”
For purposes of these motions, I must view the facts in the light most favorable to the nonmoving parties. With respect to Montclair’s motion, I assume that what triggered the assessor’s examination of the properties and subsequent revision of them assessments was the fact that they were listed for sale. Also, I assume that houses that are listed for sale are more likely to sell, and in fact, do sell more frequently than houses that are not listed for sale. For purposes of the plaintiffs’ motions, I assume and find that there were physical changes to the properties not reflected on the 1989 property record cards. I find that the basis of the new assessments was not the sales price of the subject properties, but *205 the difference between the actual physical conditions of the properties and their descriptions on the existing property record cards — the basis for the 1989 assessments.
In West Milford Township v. Van Decker, 235 N.J.Super. 1, 561 A.2d 607 (App.Div.1989), aff’d, 120 N.J. 354, 576 A.2d 881 (1990), the Appellate Division of the Superior Court and the Supreme Court of New Jersey approved a judgment of the Passaic County Board of Taxation nullifying an increased assessment and reinstating the assessment from the prior year. The facts in that case were that the court found that “current sales were in actuality the only criteria utilized by the assessor____” (emphasis added). West Milford v. Van Decker, supra, 235 N.J.Super, at 12, 561 A.2d 607. The Supreme Court ultimately found that “the practice of reassessing properties solely because those properties had been sold in the previous year” was unconstitutional (emphasis added). West Milford v. Van Decker, supra, 120 N.J. at 365-66, 576 A.2d 881 (Pollock, J., concurring). In that case, the evidence was that the only reason for the reassessment was the fact that the property sold and that the sole basis for making the reassessment was a multiplication of the sales price by an assessment ratio selected by the assessor that approximated but differed from the chapter 123 ratio. N.J.S.A. 54:51A-6, 54:1-35a.
In this case, the facts are different. Based on the evidence before me and the certifications of both sides, 1 find that the reason that the assessor looked at the three subject properties was the fact that they were listed for sale. The principal basis for her inspection of the properties was that the multiple listing sheets (presumably giving an accurate and flattering physical description of the houses) were compared with the property record cards, and the discrepancies were noticed. Obviously, houses listed for sale are likely to sell, and, in fact, the three properties before me in this case did sell. Thus, the likelihood of being identified for possible reassessment appears to have been greater for these houses than it would have been for houses that were not listed for sale. But, as Justice Pollock indicated in his concurring opinion in Van Decker, supra, 120 N.J. at 368, 576 A.2d *206 881, assessors do have a duty to keep tax rolls current. Thus, for assessors to ignore the current information which comes into then* hands would be inappropriate. Throughout the Van Decker opinions of Judge Petrella in the Appellate Division, and Justices Garibaldi, Pollock, and O’Hern in the Supreme Court, what is found to be an improper spot assessment is the fact that the Van Decker’s revised assessment was based solely on the sede ¡nice of their residence, multiplied by a ratio. In this case, it would appear that the basis for the assessor’s reexamination of the assessments of the three subject properties was their listing for sale, but the revised assessments were not based on a simple multiplication of each sale price by a sales ratio. The assessor based her new assessments on the changed physical characteristics of the properties. The record is not complete as to what other reasons led to the assessor’s discovered discrepancies between actual physical descriptions and the current assessments of the other houses whose assessments were revised in 1996. It is clear that those houses which were recently sold constituted less than one-half of the actual changes. Thus, the assessor was not singling out new sales for reassessment. In the process of keeping her records and assessment rolls current, when information came to her attention (which included multiple listings) with respect to discrepancies between the actual house sold and its description on the property record card, she took the appropriate action. She revised the assessments, based on the physical descriptions of the properties, not them sales prices.
Having found that the revised 1996 and 1997 assessments of the three plaintiffs in this case were not prohibited spot assessments, and inasmuch as plaintiffs’ challenge to the assessments is only on the grounds that they were spot assessments, not that they were in the wrong amounts, the defendant’s motions for summary judgment must be granted for both 1996 and 1997. Accordingly, plaintiffs’ motions are denied.
Defendant has raised the further issue of the untimely filing of the 1996 appeals. Having disposed of these matters on the merits, I do not address that issue.
*207 The court will enter orders dismissing the 1996 and 1997 appeals in the above-captioned matters.