The question to be decided is whether R.S. 54:3-26 applies to a situation of an added assessment made under and by virtue ofR.S. 54:4-63.1 et seq. We are convinced that it does apply.
The pertinent part of R.S. 54:3-26 provides:
"Where no appeal is taken to the Division of Tax Appeals in the State Department of Taxation and Finance to review the action or determination of the county board involving real property the judgment of the county board shall be conclusive and binding upon the municipal assessor and the taxing district for the assessment year, and for the two assessment years succeeding the assessment year, covered by the judgment, except as to changes in value of the property occurring after the assessment date. Where such changes are alleged the petition of appeal shall specifically set forth the nature of the changes relied upon as the basis for such appeal." As amended L. 1946, c. 161, p. 730, § 18.
The pertinent part of the "added assessment" law, R.S.
54:4-63.3, provides:
"* * *, the assessor shall, after examination and inquiry, determine the full and fair value of such parcel of real property as of the first of the month following the date of the delivery of such deed, or of such completion, and if such property was not assessed as of October first preceding or, if such value so determined exceeds the assessment made as of October first preceding, the assessor shall enter an assessment, as an added assessment against such parcel of real property, in the `Added Assessment List, 19,' which assessment shall be determined as follows: by multiplying the amount of such assessment or such excess by the number of whole months remaining in the calendar year after date of delivery of such deed, or of such completion, and dividing the result by twelve."
On October 1, 1945, defendant's real estate, the subject of the assessment under review, was owned by the Board of Education of the City of Newark and exempt, therefore, from taxation. On January 18, 1946, the Board of Education conveyed the property to Myerson Erman, who conveyed it on *Page 208 
June 3, 1946, to the defendant corporation. The property was assessed at $35,934 as of February 1, 1946, under authority ofR.S. 54:4-63.3, for an eleven month period, and entered by the city assessor in the "Added Assessment List, 1946." An appeal was taken from the assessment to the Essex County Board of Taxation and reduced by that Board for 1946 to $27,200. No appeal was taken by the city to the State Division of Tax Appeals. The property was assessed as of October 1, 1946, for the tax year 1947, at $39,100, from which the taxpayer appealed to the County Tax Board and that Board reduced the assessment on the land to $19,000. An appeal was taken to the Division of Tax Appeals and the Division reversed the County Tax Board, reinstating the original assessment of $39,100, representing $30,900 on the land and $8,200 on improvements. The Division of Tax Appeals denied defendant's motion to dismiss the city's appeal on the ground that R.S. 54:3-26 precluded same, from which denial defendant appeals to this court.
Appellant contends that R.S. 54:3-26 applies to a case of an added assessment. On the other hand, the plaintiff contends that this provision is only applicable to cases where the assessment is for the entire assessment year; that, assuming that R.S.
54:3-26 is applicable to "added assessments," having taken effect on April 25, 1946, the act was not retroactive and could not apply to the assessment levied here as of February 1, 1946; that, if the Legislature intended the act to apply to added assessments, it would have so stated, the act in question being devoid of any such legislative intent. We find no merit in plaintiff's contentions.
The amendatory act under which the added assessment was made is titled "An Act concerning the assessment and collection of taxes, and supplementing chapter four of Title 54 of the Revised Statutes" and became effective October 1, 1945 (P.L. 1941, c.
396, p. 1017; as amended, P.L. 1945, c. 137, p. 502).R.S. 54:3-26 (P.L. 1946, c. 161, p. 730, § 18), the act "freezing" assessments, became effective April 25, 1946. Generally, amendments and supplements to existing statutes are to be construed together with the *Page 209 
original act to which they relate as constituting one law, together with other statutes on the same subject, as part of a coherent system of legislation. 59 C.J., § 645, at p. 1094. The amendatory provisions and amended acts are to be harmonized, if possible, to give effect to each and leave no clause in either inoperative. Thus, the amendment or supplement becomes a part of the original statute as if it had always been contained therein. In the enactment of amendments or supplements, the earlier act on the same subject is generally presumed to have been within the knowledge and view of the Legislature, which is regarded as having adopted the new statute in the light thereof and in reference thereto. 50 Am. Juris., § 354, at p. 356. Our courts have followed the general rule. A case in point and one that has been uniformly followed is Van Riper v. Essex PublicRoad Board, 38 N.J.L. 23 (Sup. Ct. 1875), opinion by Chief Justice Beasley, and cited with approval in Gaslight Co. v.Borough of South River, 77 N.J. Eq. 487 (Ch. 1910), wherein Vice-Chancellor Howell stated:
"It is settled that an act and its supplements are to be construed as one law. Van Riper v. Essex Public Road Board, 38N.J. Law (9 Vr.) 23; Barnaby v. Bradley Currier, 60 N.J.Law (31 Vr.) 158."
Plaintiff contends that the act "freezing" assessments (R.S.
54:3-26), where no appeal is taken from the County Board's judgment, does not apply to the "added assessments" statute, arguing that there is a distinction between an assessment imposed for the entire year and one where only a portion of the assessment year is considered in making an added assessment. This contention is not supported by the provision of the added assessment act, which specifically provides that the assessor shall determine the full and fair value of such parcel of real estate and the method that the assessor shall use in calculating the amount of the added assessment for the part of the year for which it is imposed. However, in resolving the question of the application of the "freeze" statute, it is immaterial whether the assessment is for the *Page 210 
entire year or is an added assessment. The determinative factor making R.S. 54:3-26 applicable and conclusive and binding, therefore, upon the municipal assessor for the years stated in the act, "except as to changes in value of the property occurring after the assessment date," is: has an appeal been taken to review the action of the County Board. It is quite patent that this provision is only effective when no appeal has been taken from a determination of the County Board. The record here is barren of any contention by plaintiff that there was any change in value after the assessment date.
It is also significant that the act authorizing the imposition of added assessments was originally adopted in 1941, whereas the amendment "freezing" assessments in the event of failure to take an appeal from the County Board's determination was not adopted until 1946. Considering that the Legislature was charged with the knowledge of the added assessment act when it adopted the statute "freezing" appeals in 1946, it is a clear indication of legislative intendment to integrate the amendment and supplement with the original tax law.
We find no merit in plaintiff's contention that the 1946 act is not retroactive and cannot be applied to the added assessment under review here. This legal contention does not arise under the situation here. We have concluded that the 1946 law applies to added assessments and that its effectiveness depends solely on whether the assessment has been determined by the County Board, from which no appeal has been taken. In view of the fact that the judgment of the County Tax Board was entered after the effective date of the 1946 act, the retroactive doctrine is not an issue.
For the reasons stated, the judgment of the Division of Tax Appeals is hereby reversed and the judgment of the County Tax Board affirmed. *Page 211