This is an appeal by the petitioners (taxpayers) from a judgment of the Middlesex County Board of Taxation imposing an omitted partial assessment on their real property. The issue is somewhat novel and calls for an interpretation of N.J.S.A.54:3-26 (Freeze Act).
The facts are not in dispute and the matter has been submitted to this court on legal memoranda and the transcript of argument before the Division of Tax Appeals. I find and determine the facts to be as hereinafter stated.
This action involves two parcels known as Block 446, Lot 9, 3630 Kennedy Road, South Plainfield, New Jersey, and Block 446, Lot 9A, 125 St. Nicholas Avenue, South Plainfield, New Jersey. Only the assessments for the improvements are in dispute for the tax year 1973.
It is conceded that improvements on both parcels were under construction on October 1, 1972; their values are not disputed. In 1973 the Board of Assessors for South Plainfield placed both parcels on the added assessment list. The taxpayers appealed this assessment action to the Middlesex County Board of Taxation (county board) and contended that added assessments should not be imposed until a certificate of occupancy is issued, especially in view of their added assertion that no added assessments were imposed on other taxpayers within the taxing district until a certificate of occupancy had first been issued. By judgments dated December 13, 1973 the county board remitted the 1973 added assessments in their entirety. The taxing district did not appeal this decision to the Division of Tax Appeals.
On September 11, 1974 petitioners were notified by the county board that a hearing would be held on October 11, 1974 to determine whether an omitted assessment (partial) should be imposed on the properties in question for the tax year 1973. A hearing was held as scheduled and on the date stated judgment *Page 6 
was rendered by the county board ordering that omitted assessments (partial) be placed on the omitted tax list for 1973. The position of the taxing district was that the incomplete improvements in existence as of October 1, 1972 were subject to partial assessment for the tax year 1973 based on the value of the partial improvements on the assessment date (October 1, 1972).
The amount of the assessments are not in dispute. The taxpayers sole contention in this proceeding is that the "Freeze Act," N.J.S.A. 54:3-26, rendered the unappealed judgment of the county board, which had remitted the entire added assessments imposed by the assessor, conclusive and binding on the assessor for the tax year 1973. Does it?
The "Freeze Act" provides as follows:
. . . . . . . .
 Where no appeal is taken to the Division of Tax Appeals in the State Department of Taxation and Finance to review the action or determination of the county board involving real property the judgment of the county board shall be conclusive and binding upon the municipal assessor and the taxing district for the assessment year, and for the two assessment years succeeding the assessment year, covered by the judgment, except as to changes in value of the property occurring after the assessment date. [Emphasis supplied].
. . . . . . . .
In support of their position the taxpayers cite Newark v.Rockford Furniture Co., 4 N.J. Super. 205, 66 A.2d 743
(App.Div. 1949), for the proposition that added assessments are subject to the provisions of the "Freeze Act," which is therefore dispositive of the present issue. In Newark real estate was conveyed by a tax exempt school district to a non-tax exempt commercial user on January 18, 1946. The assessor ascertained the value of the parcel as of February 1, 1946 and entered an added assessment for an 11 month period. The taxpayer appealed the added assessment and obtained a reduction in assessment based on value, from which judgment neither party appealed. In the following tax year (1947) the assessor imposed a greater assessment than that set by the county board in its judgment of the prior year (1946). The taxpayer appealed and was again granted a reduction by the county board. On appeal the Division of *Page 7 
Tax Appeals reinstated the assessment. The taxpayer appealed, contending that the "Freeze Act", N.J.S.A. 54:3-26, precluded the assessor from increasing the assessment beyond that set by the unappealed judgment of the county board for the prior tax year (1946). The Appellate Division agreed and grounded its decision on the foundation that in order for the assessor to calculate an additional assessment he must first ascertain the value of the subject property for a full tax year. The court reasoned that, for the purpose of the application of the "Freeze Act", there was no distinction between an assessment imposed for the full assessment year and one wherein the assessment is imposed for only a portion thereof, as both types of assessments require a calculation of a full and fair value for a full assessment year. The latter type merely prorates the assessment so as to tax the improvement only when it becomes a taxable entity. Newark v. Rockford Furniture Co., supra at 209,66 A.2d 743. It is felt that petitioners' reliance on this case is misplaced since the rationale does not automatically require the application of the "Freeze Act" to added assessment judgments, regardless of the reason for the county board decision.
All taxable real property must be valued as of October 1 of the pre-tax year. N.J.S.A. 54:4-23. In the event that improvements are in the process of construction on October 1, the assessment is based upon the proportion of the final value which is present on the assessment date and is usually referred to as a partial assessment. Appeal of New York State Realty Terminal Co.,21 N.J. 90, 121 A.2d 21 (1956).
The purpose of the added assessment law is to permit the taxation of real property which becomes taxable during the year following the assessment date of October 1, in order to avoid having properties escape taxation until the next assessment date arrives. N.J.S.A. 54:4-63.2. However, in order for new structures to be subject to the added assessment law, the improvement must be substantially ready for the use for which it was intended. N.J.S.A. 54:4-63.1. Assessors commonly used the issuance of a certificate of occupancy as an indication of *Page 8 
when an improvement is ready for use. Unless the structure is ready for use, it is not subject to taxation pursuant to the added assessment procedure. N.J.S.A. 54:4-63.1 et seq.
The purpose of the omitted assessment law is to provide for the taxation of real property which, through error, has been omitted from assessment. N.J.S.A. 54:4-63.12 et seq. Appeal of NewYork State Realty Terminal Co., supra. The procedure utilized in the imposition of the omitted assessment is not in dispute, nor do the taxpayers claim that the statutory requirements for the same have not been satisfied. The only question, again, is whether the "Freeze Act" applies to the first decision of the county board in remitting the entire added assessment and thus precludes the county board's second judgment dated October 11, 1974.
In Newark v. Fischer, 8 N.J. 191, 84 A.2d 547 (1951), the issue was the applicability of the "Freeze Act" to the tax exempt status of taxpayers' property. Defendant asserted that an unappealed judgment of the Division of Tax Appeals finding that the subject property was exempt could not be challenged by the assessor for two years subsequent to the tax year litigated before the Division of Tax Appeals, notwithstanding that the property had passed from an exempt to a nonexempt use. The City contended that the "Freeze Act" is applicable only to those adjudications in which the value of the assessed property is at issue. Agreeing with the city, the court said:
 The so-called "freeze" statute is part of Article 4 of Title 54, entitled "Appeals", and deals with appeals by a taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county." Article 4 is not concerned with the tax exempt status of property nor with adjudications by county tax boards relative thereto. R.S. 54:3-26 N.J.S.A. provides the valuation as determined by the county board shall, if no further appeal is taken, remain in effect for the next two succeeding assessment years "except as to changes in value of the property occurring after the assessment date." The wording of this section and of related sections in the same article makes it apparent the legislation was intended to govern the frequency of appeals as to disputed amounts of assessments and not the tax exempt status of real property. [At 199, 84 A.2d at 551; emphasis supplied] *Page 9 
From the foregoing it is clear that the "Freeze Act" should be applied only to those decisions wherein the valuation of the taxpayers' property is at issue before the forum whose determination is sought to be held conclusive. The case ofNewark v. Rockford Furniture Co., supra, cited by the petitioners, is not only not at variance with this conclusion but is supportive of the same.
Was the judgment of the county board for which the taxpayer seeks application of the "Freeze Act" a judgment based upon a determination of the true value of the taxpayers property? The taxpayers do not so assert, but on the contrary state that their initial appeal was taken because they were the only taxpayers in the taxing district upon whom an added assessment was imposed before a certificate of occupancy was issued for new improvements. Moreover, the inference which arises from the judgment of the county board remitting the assessments on the improvements in their entirety is that value was not at issue before the county board. It goes against logic and experience to suggest that the judgment of the county board reducing the assessments on the taxpayers' improvements to zero was based on a valuation of those partial improvements. Additionally, the fact that the county board permitted the omitted partial assessment by its judgment dated October 11, 1974 belies the theory that they decided the issue on valuation. Their action indicated that they decided the added assessment matter solely on procedural grounds and remitted the entire assessment because the improvements were not substantially ready for use when the assessor attempted to impose the added assessments.
The result the taxpayer contends for is not only contrary to the intent of the "Freeze Act," it is inequitable. The taxpayer seeks to pay no taxes whatever on the partial improvements in existence on October 1, 1972 for the tax year of 1973.
In Appeal of New York State Realty and Terminal Co., supra,
the Court held that an omitted assessment may be imposed on an improvement on which the assessor failed to levy an added *Page 10 
assessment, even though the time provided for added assessments, pursuant to the added assessment law, had expired. The Court said (2 N.J. at 96, 121 A.2d at 24) that "taxes are the life blood of government and no taxpayer should be permitted to escape the payment of his just share of the burden of contributing thereto. . . . Any procedure which would permit avoidance of such taxes when a substantial basis therefore exists is inequitable." The taxpayers herein are contending for just such an inequitable result — the nonpayment of taxes on their partial improvements for 1973. Accordingly, I conclude as a matter of law, that the "Freeze Act" does not apply to the decision of the county board remitting the added assessments, since the value of the improvements were not therein at issue. The petitions will be dismissed.