HOPKINS, J. T. C.
Plaintiff has appealed from a judgment of the Essex County Board of Taxation which reduced an added assessment from $37,900 to $20,000. Since the added assessment was applicable to six months in 1977, the total added assessment was found to be $40,000 for an entire year. Defendant cross-appealed, asserting that the added assessment should be the original assessment of $37,900, which is the equivalent of an added assessment of $75,800 prorated for six months. At the date set for trial the parties stipulated that the Tax Court should enter a judgment sustaining the amount found by the county tax board. The parties further agreed to present to the court the legal issue of whether such judgment is to be conclusive and binding upon the Town of Irvington for 1978 and 1979 pursuant to N.J.S.A. 54:2-43, which is commonly referred to as the “freeze” statute. Defendant’s contention is that plaintiff’s failure to file formal appeals for 1978 and 1979 preclude the application of the freeze statute and, further, that the freeze statute does not apply to added assessments.
N.J.S.A. 54:2-43 reads in pertinent part as follows:
Where a judgment final has been rendered by the tax court involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to such proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date....
The necessity of a requirement that a taxpayer file a formal appeal in order to obtain relief under the freeze statute was considered in Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 110 A.2d 110 (1954), wherein the court disposed of said claimed requirement in stating as follows:
To insist, as the city does, that during the pendency of such appeal the taxpayer should appeal for each of the next two successive years and then on the coming down of the judgment make a further application to the county board would defeat the very purpose of the statute, which was to prevent the harassment of the taxpayer and reduce the number of appeals that had to be *388 taken in each year to the various statutory and administrative tribunals; and to compel the taxpayer to have recourse to the courts, as was done in this case, is simply a further harassment of the taxpayer that the statute intended to obviate rather than encourage, [at 167, 110 A.2d 110]
The legal principle that a taxpayer need not appeal an assessment in order to obtain the benefits of the freeze statute has been followed in Newark v. Essex Cty. Bd. of Tax., 110 N.J.Super. 93, 116, 264 A.2d 461 (Law Div.1970). See, also, Sirota v. Howell Tp., 1 N.J.Tax 280 (Tax Ct.1980), wherein the court, in commenting on the freeze statute, stated:
... Its practical use in recent years has been to relieve the taxpayer of the obligation to file petitions of appeal to the county tax board and to the Division of Tax Appeals in each of the two succeeding years where there has not yet been a determination on the first year for which review is sought.... [at 284]
On the issue of whether a judgment on an added assessment may serve as a basis for freezing the assessment for the two subsequent years, defendant recognizes that, insofar as N.J.S.A. 54:3-26, which is the county tax board judgment “freeze” statute, the court in Newark v. Rockford Furniture Co., 4 N.J.Super. 205, 66 A.2d 743 (App.Div.1949), held that an added assessment is covered thereby. However, defendant attempts to distinguish the county tax board freeze statute from the freeze statute applicable to judgments from this court. Actually, the only difference to which defendant refers is the fact that the county tax board judgment freeze statute becomes effective when no appeal has been taken from a determination of that board. The freeze statute applicable to Tax Court judgments, on the other hand, is effective upon the rendering of a final judgment. Such distinction is without a difference for the purpose of the issue involved.
The basic premise for the decision in the Rockford Furniture case was the methodology prescribed by statute for determining an added assessment. Where a parcel of property contains a building which has been improved after the statutory assessment date and said improvement is completed between January 1 and October 1 of the tax year, the assessor is directed to
... determine the taxable value of such parcel of real property as of the first of the month following the date... of such completion, and... if such value so determined exceeds the assessment made as of October 1 preceding... enter... *389 an added assessment. . . determined... by multiplying the amount of such. . . excess by the number of whole months remaining in the calendar year after... such completion and dividing the result by 12. [N.J.S.A. 54:4-63.3]
In order to do the above, it is necessary for the assessor to first determine the taxable value of the entire property, including the improvement which triggered the added assessment procedure. The prior October 1 assessment is then deducted from the new taxable value to arrive at the added assessment. Such added assessment is than prorated for the balance of the tax year. Since the parties have stipulated the appropriate added assessment for 1977, they have necessarily agreed upon the entire taxable value of the subject property.
This case is distinguishable from the factual situation in Snyder v. South Plainfield, 1 N.J.Tax 3 (Tax Ct.1980), wherein a taxpayer was attempting to obtain the benefits of a freeze statute from a county tax board judgment which had remitted an added assessment on the basis that the certificate of occupancy had not yet been issued. In effect, the judgment of the county tax board was that construction had not been completed. Accordingly, the benefits of the freeze statute were not available, for there had been no determination which gave a value to the taxpayer’s property. In the subject case, the final judgment embodied the true value of the subject property.
In holding that the freeze statute does apply to judgment embodying added assessments the court must emphasize that when such judgments are entered as a result of settlements, they should be reviewed by the parties with full recognition of the effect of the freeze statute.
Since the parties have stipulated that there was no change in value and that there was no revaluation effective for the years 1978 and 1979, judgment will be entered incorporating the stipulated added assessment for the tax year 1977 and, pursuant *390 to N.J.S.A. 54:2-43, freezing said total assessment for the tax years 1978 and 1979, as follows:
1977 Added Assessment $20,000
1978 & 1979 Land $ 87,600 Building 82,400
Total $170,000