MENYUK, J.T.C.
This matter comes before the court on the motion of the plaintiff Township for an order vacating the judgment of the Middlesex County Board of Taxation and restoring the original assessment. The motion is not opposed. For the following reasons, the motion is granted.
The facts are as follows. The property that is the subject of this action is a residence located at 43 Lake Drive in North Brunswick Township. The property is designated as Block 227, Lot 44.06 on the Township’s tax map.
The subject property was assessed for tax year 2012 as follows:
Land $100,000
Improvement $235,000
Total $335,000
Defendants Gary Gochal and Nancy A. Gochal appealed the assessment to the Middlesex County Board of Taxation. Following a hearing before the Board, the Board issued a judgment reducing the assessment as follows:
Land $100,000
Improvement $207,500
Total $307,500
The Township appealed that judgment.
*33 Judgments of county boards of taxation are coded on the face of the judgment, and the reverse side provides a brief explanation for the various codes. In this case, the judgment was coded “1E — Board Decision,” where the number “1” signifies a revision of the original assessment, and the letter “E” signifies that the reason is “other,” that is, for something other than standard or common reasons for an assessment revision. The judgment form requires that the Board enter a further explanation for a 1E judgment code. In this case, the explanation consisted of the rather cryptic “Board Decision.”[2] The court notes that North Brunswick has appealed two other judgments of the Middlesex County Board of Taxation that were coded 1E— Board Decision. Identical motions are also pending in those matters.
The Township argues that the Board ignored N.J.S.A 54:1-35a(a) and (b) and N.J.S.A. 54:3-22, which, together, are commonly referred to as Chapter 123.[3] Chapter 123 provides a statutory formula for determining whether an assessment is discriminatory; that is, whether the ratio of assessment to true value of a property substantially exceeds the ratio generally prevailing in a taxing district.
As explained in Murnick v. City of Asbury Park, 95 N.J. 452, 458-59, 471 A.2d 1196 (1984), prior to enactment of Chapter 123, a taxpayer seeking to prove that his property was assessed at a higher percentage of true value than was generally applicable in the taxing district, was required to prove “(1) that real property in the municipality was assessed generally at less than true value; (2) the common level of assessment; and (3) the true value of the subject property.” Id. at 459, 471 A.2d 1196. Chapter 123 eliminated the need to prove the first two elements by providing definitions of “average ratio” and “common level range.” Id. at *34 460, 471 A.2d 1196. While Chapter 123 is not the exclusive remedy for discrimination in assessment, “a taxpayer’s right to relief should be determined in accordance with chapter 123 in all but the most extreme or severe circumstances.” Id. at 463, 471 A.2d 1196.
N.J.S.A. 54:1-35a(a) defines “average ratio” as the average ratio of assessed to true value of real property for a taxing district promulgated annually by the Director Division of Taxation, as it may subsequently be revised by the Tax Court. N.J.S.A. 54:1-35a(b) defines “common level range” for a taxing district as the range that is plus or minus 15% of the average ratio.
N.J.S.A. 54:3-22(c) provides:
c. Whenever the county board of taxation is satisfied by the proofs that the ratio of the assessed valuation of the subject property to its trae value exceeds the upper limit or falls below the lower limit of the common level range, it shall revise the taxable value of the property by applying the average ratio to the trae value of the property except as hereinafter provided.
In other words, N.J.S.A 54:3-22(c) limits the relief that may be granted by the county board of taxation. The Tax Court is similarly limited by N.J.S.A 54:51A-6a. If the ratio of the assessment to the true value of the property falls outside the common level range, the taxable value is revised by multiplying the trae value by the average ratio. However, if the ratio of the assessment to true value is within the common level range, there is no provision for revision of the assessment: no adjustment of the assessment is required or permitted.
As promulgated by the Director, Division of Taxation, the average ratio for North Brunswick Township for use in tax year 2012 is 51.30, and the common level range for the Township is 43.60 to 59.00. The Township’s proofs on this motion are arithmetic and demonstrate that the revised assessment set forth in the Board’s judgment, when equalized by the average ratio, results in a valuation for the subject property that is within the common level range.
Consistent with N.J.S.A 54:3-22(c), the taxpayers were required to show that the ratio of the assessed value to the true value of their property was outside the plus or minus 15% *35 corridor. If they were successful, then the Board was permitted to revise the taxable value by applying the average ratio to the true value.
In this case, there is nothing in the judgment that explicitly notes the true value of the property as it was determined by the Board. The true value of the property can, however, be developed mathematically from the taxable value as revised by the Board. The average ratio was 51.30 and the taxable value as revised by the Board was $307,500. Accordingly, the true value of the property is represented as follows, where “Y” represents the true value:
Y x .5130 = 307,500 or
Y = 307,500 = $599,415
.5130
The ratio of the assessed to the true value, then, is:
335,000 = .5589 or 55.89.
599,415
The ratio of assessed to true value is, therefore, within the common level range of 43.60 to 59.00. The Board’s revision of the assessment was contrary to N.J.S.A. 54:3-22(c).
The Board may revise the taxable value under certain conditions in addition to those set forth at N.J.S.A. 54:3-22(c). None of those conditions apply in this case. N.J.S.A. 54:3-22 provides, in pertinent part:
d. If the average ratio is below the county percentage level and the ratio of the assessed value of the subject property to its true value exceeds the county percentage level, the county board of taxation shall reduce the taxable value of the property by applying the average ratio to the true value of the property.
e. If both the average ratio and the ratio of the assessed value of the subject property to its true value exceed the county percentage level, the county board of taxation shall revise the taxable value of the property by applying the county percentage level to the true value of the property.
f. The provisions of this section shall not apply to any appeal from an assessment of real property taken with respect to the tax year in which the taxing district shall have completed and put into operation a district-wide revaluation program ap *36 proved by the Director of Taxation pursuant to chapter 424, laws of 1971 (C. 54:1— 35.35 et seq.).
The county percentage level for Middlesex County is 100%. As demonstrated through the calculations shown above, the revised taxable value shown on the Board’s judgment, $307,500, when equalized by the average ratio reflects a true value of $599,415. The ratio of the assessed value, $335,000, to true value, does not exceed 100%. Accordingly, N.J.S.A. 54:3-22(d) is not applicable here. Neither the average ratio nor the ratio of the assessed value to true value exceeds the 100% county percentage level. Therefore, N.J.S.A. 54:3-22(e) does not apply to the facts presented here.
Finally, there was no district-wide revaluation program placed in effect in North Brunswick for tax year 2012. See N.J.S.A 54:3 — 22(f). A revaluation year is virtually the only instance in which a board of taxation (or the Tax Court, see N.J.S.A. 54:51A-6d) may revise an assessment without regard to whether the ratio of the assessment to true value falls outside a common level range. Chapter 123 assumes that all properties are assessed at 100% of true value immediately following a revaluation. Consequently, if a taxpayer is successful in establishing a true value for his property that is lower than his assessment, he is entitled to a reduction of that assessment for the revaluation year.
For the foregoing reasons, the court finds that the judgment of the Middlesex County Board of Taxation reducing the assessment on the subject property was contrary to the statutory directions contained in N.J.S.A. 54:3-22. The Township’s motion is, therefore granted.

 Appeals to the Tax Court from county tax board judgments are de novo. N.J.S.A. 2B:13-3b. The only record of a county board of taxation decision that comes to the Tax Court is the judgment.

 The statutory provisions were originally enacted as L. 1973, c. 123.