TAX COURT OF NEW JERSEY

TAX COURT MANAGEMENT OFFICE
(609) 815-2922



P.O. Box 972
TRENTON, NJ 08625-0972

## Corrected Opinion Notice

## January 29, 2025

**Chad E. Wolf, Esq.**
**Paul V. Fernicola, Esq.**

**From:  Lynne E. Allsop**

**Re:  GABRIEL ADES V. BOROUGH OF DEAL**
**Docket number: 007334-2024**

The attached corrected opinion replaces the version released on January 24, 2025.

The opinion has been corrected as noted below:

Page 3, last line of paragraph – "a cause of action for" added;
Page 9, footnote 5, "Borough of" added to citation;
Page 11, first paragraph, second line  - "taxpayer's and the taxing district's complaints" added;
Page 14, first paragraph, line 4 changed to read - "It is equally illogical to";
Page 15, first paragraph, lines 14, 15, 16 changed to read – "the "taxable value of the entire property," then on appeal, the county board of taxation's value determination, embodied in its final judgment,".






NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS
Opinion corrected 1/28/25 – pg. 3, para. 1, last line; pg. 9, footnote 5, citation; pg.
11, para. 1, line 2; pg. 14, para. 1, line 4; pg. 15, para. 1, lines 14, 15, 16.

_____

GABRIEL ADES,             :      TAX COURT OF NEW JERSEY
                                   :
           Plaintiff,       :      DOCKET NO. 007334-2024
                                     :
           v.                   :

BOROUGH OF DEAL,        :

           Defendant.    :
_____:

| | |
|---|---|
| | Approved for Publication<br>In the New Jersey<br>Tax Court Reports |

Decided: January 24, 2025

Chad E. Wolf for plaintiff
(Wolf Vespasiano LLC, attorneys).

Paul V. Fernicola for defendant
(Fernicola & Associates, LLC, attorneys).

SUNDAR, P.J.T.C.

This opinion decides plaintiff's application seeking to "freeze" the assessment for tax year 2023 and apply the same to tax year 2024. The 2023 assessment comprised of the initial original assessment allocated all to land, and a subsequent added assessment for improvements. The added assessment was the subject of a final judgment of the Monmouth County Board of Taxation. The court agrees with defendant that the final judgment was not one which determined value, hence, it was coded 2B (presumption of correctness not overturned), therefore, it cannot qualify

as a base year for purposes of the Freeze Act. The court accordingly denies plaintiff's Freeze Act application.

**FACTS AND PROCEDURAL HISTORY**

For tax year 2023, defendant, the Borough of Deal ("Borough"), assessed plaintiff's property, identified as Block 81, Lot 1 ("Subject") at $5,193,800. The entire amount was allocated to land (thus, the allocation to improvements was $0).

Subsequently, the Borough imposed an added assessment for tax year 2023 in an amount of $5,297,000, allocated entirely to improvements. It was prorated for five months ($2,207,083).

Plaintiff timely challenged the added assessment to the Monmouth County Board of Taxation ("County Board"). By judgment dated December 14, 2023 (mailed to plaintiff on December 18, 2023), the County Board did not change the added assessment amount. The "Judgment" column of the document reflected $0 on the line for "Land," $5,297,000 on the line for "Improvement," and $2,207,083 on the line for "Prorated Amount." The County Board used judgment Code 2B, which stands for "presumption of correctness not overturned." Plaintiff did not appeal this judgment to the Tax Court; thus, it was final.

On May 6, 2024, plaintiff filed a form valuation complaint to this court, noting on paragraph 2 therein that he was challenging the action of the Monmouth County Board, "on grounds that the" assessment is "in excess of the true or assessable value

2

of the property," and asked for a reduction of the same. The Case Information Statement ("CIS") accompanying the complaint listed the case type as "other," the "assessment year in contest" as 2024, the original assessment for this tax year as $10,490,800, and the same amount as the "County Tax Board assessment." However, the 2024 assessment was $12,180,700 (allocated $6,094,800 to land and $6,085,900 to improvements). Nowhere in the complaint or the CIS was there any mention of a cause of action for relief under the Freeze Act.

The Borough then moved to dismiss the complaint as untimely filed. In response, plaintiff stated that he had filed the form valuation complaint solely "because the Tax Court requires a complaint and docket number to process freeze motions based on county board judgments."[1] Since the filing deadlines do not apply to Freeze Act cases, and since he had "no intention of proceeding with a chapter 123 claim" as to the 2024 assessment, plaintiff asked the court to deny the motion.

Simultaneously, plaintiff filed a motion for relief under the Freeze Act asking that the 2024 assessment be "based on the 2023 original assessment and the 2023 added assessment judgment from the" County Board, i.e., at $10,490,800.

At the hearing on both motions, it was reiterated on the record that plaintiff had no intention of appealing the 2024 assessment. Therefore, the court, on its own,

---

[1] Tax Court form CN 10340 captioned "Application for Judgment Pursuant to N.J.S.A. 54:3-26 (County Board Judgment Freeze Act)," can be used for seeking Freeze Act relief, and when filed will be assigned with a docket number.

3

and for purposes of efficiency, (1) deemed/converted the complaint into a Freeze Act application for tax year 2024 based on the 2023 County Board judgment; (2) directed plaintiff to file the correct form in this regard; (3) treated plaintiff's legal pleadings in support of his motion for Freeze Act relief as part of a form Freeze Act application; and (4) provided additional time for the Borough to respond to the plaintiff's Freeze Act application and for plaintiff to reply to the same.

Plaintiff promptly filed the form Freeze Act application as directed by the court. See n.1. In response, the Borough first filed an "Answer Objecting to Application for Judgment Pursuant to N.J.S.A. 54:3-26 (County Board Judgment Freeze Act)." In numbered paragraphs, the document stated that since plaintiff failed to "present sufficient competent and credible evidence to overcome presumption of correctness before the" County Board, it entered a judgment coded 2B, which plaintiff did not appeal. Such final judgments, the Borough stated, do "not qualify as a judgment of value to trigger the benefits of the Freeze Act," therefore, asked the court to deny plaintiff's Freeze Act application.[2] It then filed a letter brief as its formal opposition to plaintiff's Freeze Act application.

---

[2] The first paragraph of the Borough's "Answer" stated that "it is the municipality shown on the attached information schedule which is made part of this Counterclaim," and ended the Answer asking for a dismissal of "Plaintiff's Application for Judgment Pursuant to N.J.S.A. 54:3-26." The last statement of the Answer was the Borough's attorney certifying "that the within Counterclaim was filed within the time period prescribed by the Rules of the Court." However, there was/were no allegation(s) as to a counterclaim, there was no attached CIS, and the

Plaintiff filed a reply brief, contending among others, that his petition as to the 2023 added assessment was fully tried at the County Board with plaintiff's evidence of value comprising of an appraisal report and the appraiser's testimony, and the Borough's evidence comprising of three comparable sales.

**ANALYSIS**

Final judgments of a county board of taxation qualify for application of the Freeze Act. N.J.S.A. 54:3-26. The statute provides as follows:

> Where no request for review is taken to the Tax Court to review the action or determination of the county board involving real property the judgment of the county board shall be conclusive and binding upon the municipal assessor and the taxing district for the assessment year, and for the two assessment years succeeding the assessment year, covered by the judgment, except as to changes in value of the property occurring after the assessment date.

One exception is "[i]f as of October 1 of the pretax year, the property in question has been the subject of an addition qualifying as an added assessment." Ibid.[3]

Here, it is uncontested that (a) the Borough imposed an added assessment for tax year 2023 (prorated for five months); (b) the County Board judgment was coded

only relief sought was for the dismissal of plaintiff's Freeze Act application. Thus, references to a counterclaim in the "Answer" appear to be inadvertent/incorrect.

[3] A nearly identical provision of the Freeze Act's application to final Tax Court judgments, as well as the exceptions, is found in N.J.S.A. 54:51A-8.

2B; (c) the County Board judgment is final; and (d) added assessments are entitled to the benefit of the Freeze Act.

It is settled law that a final judgment, for purposes of the Freeze Act must be one determining the value of the property. See Belmont v. Wayne Twp., 5 N.J. Tax 110, 115 (Tax 1983) (Freeze Act applies "to final judgments which are based upon valuation") (citation omitted)); Boys' Club of Clifton, Inc. v. Jefferson Twp., 72 N.J. 389, 405 (1977) ("judgment with respect to valuation in one year" qualifies for relief under the Freeze Act but not in "statutes involving tax exempt status").

An adjudication on the merits, after a hearing and based on proffered evidence, is a value judgment when the county board of taxation's (or this court's) determination finds or fixes the true value of the property. Rainhold Holding Co. v. Freehold Twp., 15 N.J. Tax 420, 423 (Tax 1996) ("a judgment . . . does not carry the benefit of the Freeze Act unless [it] . . . is [one] . . . determining the assessed value of the property"). See also City of Hackensack v. Bergen County, 30 N.J. Tax 240, 252 (Tax 2017) ("in order to have a final judgment as to the value of the property, one or both parties would have to proffer evidence regarding their conclusion of fair market value. Then the conclusions of value would be considered by the [county] Board"); 1125-1127 Clinton Ave. Assoc. v. Irvington Twp., 2 N.J. Tax 386, 389 (Tax 1981) (six-month prorated added assessment, which was reduced to $20,000 by the county board of taxation, thus equating to $40,000 as the added assessment

6

for the whole year, can be "frozen" at $40,000 because "the final judgment embodied the true value of the subject property").

It follows that a judgment which "affirms or sustains an assessment without prejudice and involves no hearing or settlement of the valuation issue does not carry the benefit of the Freeze Act." Rainhold Holding Co., 15 N.J. Tax at 427. See also Union City Associates v. Union City, 10 N.J. Tax 581, 588 (Tax 1989) (a "judgment of withdrawal has none of the attributes of an adjudication on the merits"); Snyder v. South Plainfield Bor., 1 N.J. Tax 3 (Tax 1980) (Freeze Act inapplicable to an added assessment which was remitted by a county board of taxation judgment due to lack of a certificate of occupancy; such judgment did not involve value determination).

Plaintiff argues that as long as there is a hearing with proffered evidence, then the resultant judgment is one that was adjudicated "on the merits," regardless of whether plaintiff succeeds in obtaining an assessment reduction. This means, plaintiff continues, that the tax year at issue qualifies as a base year judgment for Freeze Act purposes. Thus here, plaintiff argues, since there was a contested hearing on the merits with valuation evidence proffered by both parties, the resultant County Board judgment is a value judgment, i.e., one resulting from an adjudication on the merits.

Plaintiff's argument is overly broad.  In <u>Borough of Rumson v. Peckham</u>, 7 N.J. Tax 539, 547 (Tax 1985), this court held that "where the party against whom the presumption operates goes forward with his proof . . . the artificial probative effect of the presumption disappears . . . .  If, however, he fails to adduce such proof, the court must direct the entry of a judgment in accordance with the presumption." However, the court continued, "merely overcoming the presumption of correctness . . . does not entitle plaintiff to a judgment <u>in its favor</u>."  <u>Id.</u> at 550 (emphasis added). Rather, "[t]hroughout the Tax Court proceedings, plaintiff retains the burden of ultimate persuasion to upset the county tax board judgment fixing the assessment for the subject property."  <u>Ibid.</u>  (citations omitted).  That burden "is met only when the <u>court can conclude</u> by a preponderance of the credible evidence <u>that plaintiff's opinion of value represents the true value</u> of the subject property."  <u>Ibid.</u> (citation omitted) (emphasis added).

The emphasized language of the above case makes clear that it is only after the plaintiff (1) overcomes the initial burden to overcome the presumption of correctness (which plaintiff correctly notes is a "low bar"), and then, (2) satisfies the subsequent burden to prove, by a preponderance of credible evidence, what the property's value should be, can the court "conclude" that such value is acceptable so that it can issue a judgment "in favor" of the plaintiff.  The quoted phrase "in favor" logically means that the court agrees to a value based on credible evidence, and that

amount is less than the amount of the challenged assessment, thus, requiring revision of the original assessment. This would be akin to a county board of taxation judgment coded 1A or 1B, where the assessment is revised (presumably based on acceptance of the proffered credible evidence of value) because it either "exceeds 100%" of the property's value or is "outside range (N.J.S.A. 54:3-22)."[4] Such coded county board of taxation judgments would qualify them as Freeze Act eligible.[5]

Note that a Tax Court judgment which is based on a value conclusion but <u>does not</u> revise or change the original assessment amount due to application of the Chapter 123 ratio, would <u>still</u> qualify as a base year judgment for Freeze Act purposes. Comparison of the assessment to true value inherently involves an initial value determination based on the credible evidence proffered to, and accepted by, the court. See <u>Twp. of North Brunswick v. Gochal</u>, 27 N.J. Tax 31, 34 (Tax 2012) (if the assessed-to-true value ratio is "within the common level range, there is no provision for revision of the assessment: no adjustment of the assessment is required or permitted"); <u>Passaic Street Realty Assoc., Inc. v. Garfield City</u>, 13 N.J. Tax 482,

_____

[4] N.J.S.A. 54:3-22(c) provides that if a county board of taxation "is satisfied by the proofs that the ratio of the assessed valuation of the subject property to its true value exceeds the upper limit or falls below the lower limit of the common level range, it shall revise the taxable value of the property by applying the average ratio to the true value of the property," with certain exceptions not relevant here.

[5] If the Code 1 judgment is affirmed by the Tax Court, then the Tax Court's judgment will be one on the merits for purposes of the Freeze Act. See <u>Borough of Hasbrouck Heights v. Div. of Tax Appeals</u>, 41 N.J. 492 (1964).

9

484 (Tax 1993) (the Tax Court must "first . . . find the fair market value of the property" and "[t]hen the proper tax assessment" by applying the "chapter 123" ratio under N.J.S.A. 54:51A-6).  This would be akin to a county board of taxation judgment coded 2A, where the assessment is affirmed because it is "within range (N.J.S.A. 54:3-22)."  See Hovbilt, Inc. v. Howell Twp., 138 N.J. 598, 603 (1994) (if a county board is "satisfied by the proofs that the assessment was incorrect," then it can revise the "taxable value of the property" under "N.J.S.A. 54:3-22(c)-(e)").  Although the ensuing judgment affirms the assessment (i.e., the numbers on the judgment will restate the original assessment), it results from a value determination by a county board of taxation or this court.  Hence, it qualifies as a basis for relief under the Freeze Act.

It follows therefore, that where the county board of taxation (or this court) does not or cannot find value, due to the lack of sufficient cogent and competent evidence, then it cannot enter a judgment "in favor" of the plaintiff, i.e., cannot enter a judgment revising the assessment.  See e.g. MSGW Real Estate Fund, LLC v. Mountain Lakes Bor., 18 N.J. Tax 364, 379 (Tax 1998) (if plaintiff fails to meet its burden of proof, "no adjustment to the assessment is warranted").  This would be akin to a county board of taxation judgment coded 2B, i.e., where plaintiff failed to overcome the presumption of correctness of the original assessment.  In such situations, a county board of taxation or the court will leave the original assessment

10

undisturbed. See also U.S. Life Realty Corp. v. Jackson Twp., 9 N.J. Tax 66, 79 (Tax 1987) (dismissing the taxpayer's and the taxing district's complaints due to lack of "substantial and competent evidence to overcome the presumption of correctness" of the county board judgment).

Plaintiff maintains that a final judgment which restates the original assessment amount (after valuation proofs were proffered and rejected), means that it is affirming the assessment, which means that the property's value is its original assessment. This then, per plaintiff, mean that the judgment is one of value after an adjudication on the merits, inviting application of the Freeze Act regardless of the Code 2B on the judgment. In support, plaintiff relies on Hamilton Gardens, Inc. v. Hamilton Twp., 45 N.J. Super. 124 (App. Div. 1957).

In that case, the then Division of Tax Appeals, "[a]fter contested hearing . . . entered a confirmatory judgment" for tax year 1951 noting that the "amount of the assessment does not appear to be in excess of true value, and based upon the income from the property was very fair." Id. at 126 (internal quotation marks omitted). When the taxing district increased the assessments for the next two tax years, the property owner sought relief under the Freeze Act. Ibid. The Division of Tax Appeals held the Freeze Act was inapplicable because the base year judgment "did not fix the true value of the property but merely determined that the property was not assessed in excess of true value." Ibid. (internal quotation marks omitted).

The Appellate Division reversed.[6] It first held that the Freeze Act references a "final judgment" which "denotes a judgment on the merits of an appeal contesting an assessment." Id. at 127.[7] Thereafter, the court held that "[t]he unqualified reference to final judgment, in association with the remainder of the [statute's] text, clearly contemplates imposition of the mandatory period of repose following determination on the merits of an attack on the valuation of real property for assessment purposes." Ibid.

Plaintiff argues that the observation as to the base year judgment, i.e., that the "amount of the assessment does not appear to be in excess of true value, and based upon the income from the property was very fair" implies that there was no finding of value, yet the Appellate Division granted Freeze Act relief based on such judgment, which also means that the assessment was the value.

---

[6] The Appellate Division issued its opinion even though the "township . . . consent[ed] to a reversal" of the Division of Tax Appeals' decision as being "erroneous." Hamilton Gardens, Inc., 45 N.J. Super. at 125. The court stated that "the matter should be determined on the merits" because "appellate courts are generally cautious about reversing judgments by consent of the parties," and "in fairness to the Division" which was not a party to the appeal, "for its future guidance." Id. at 126.

[7] The court cited to former N.J.S.A. 54:2-23 which provided that "Where a judgment final has been rendered by the Division of Tax Appeals . . . involving real property such judgment shall be conclusive and binding" for the base years and two succeeding tax years. Hamilton Gardens, Inc., 45 N.J. Super. at 126-27. The successor statute, N.J.S.A. 54:51A-8, is similar except that instead of "judgment final" it provides for "a judgment not subject to further appeal . . . rendered by the Tax Court."

However, the decision could also imply that there was a value determination, which is why it was noted that the assessment amount did not exceed the true value.[8] Here, in contrast, the County Board could not determine value because of what it deemed as inadequate proofs. This is why it did not conclude that the Subject's assessment was in excess of its true value (if it did, it would have used Code 1A, the assessment being "within range").

That the County Board recited or restated the original assessment amount in the "Judgment" column does not mean that it concluded the value of the improvements to the Subject at the assessment amount. While plaintiff is correct that Code 2B is under the category 2 titled "Assessment Affirmed," the title should be considered in context of the reason for the judgment, which is that plaintiff failed to prove what the value should be. See N.J.S.A. 54:3-26 (requiring a county board of taxation to "set[] forth the reasons on which [its] judgment was based" on forms prescribed by the Division of Taxation). Thus, for instance, a county board judgment column which contained $0 in the judgment column does not mean that the value of the property at issue is zero. Snyder, 1 N.J. Tax at 9 ("It goes against logic and experience to suggest that the judgment of the county board reducing the assessments on the taxpayers' improvements to zero was based on a valuation of

---

[8] When the case was decided, Chapter 123 did not exist since it was enacted in 1973 by L. 1973, c.123.

those partial improvements."); <u>City of Hackensack</u>, 30 N.J Tax at 252 (rejecting an argument that a county board of taxation's judgment with $0 in the judgment column for a tax-exempt property means that it attributes $0 as the property's value because "[t]o say that a property has a value of zero defies logic").[9]  It is equally illogical to maintain that the numbers in a county board's judgment column is its conclusion of value, when the stated basis for judgment is that plaintiff did not overcome the presumptive correctness of an assessment because the adduced proofs were insufficient to render a value conclusion.

Plaintiff argues that making the Freeze Act's application contingent upon the existence of a value judgment is legislation by the court because the plain language of the statute only requires there be a final judgment.  This plaintiff says, is evident from the ruling in <u>Hamilton Gardens, Inc.</u>, which stressed that a final determination or judgment is all that is required to trigger the benefit of the Freeze Act.

---

[9]  The County Board should not feel compelled to mechanically include numbers in the judgment column when it is not making valuation determinations, such as, for example, as here, when issuing judgments coded 2B, or when dismissing a petition without prejudice (Category 5), or with prejudice (Category 6), or as withdrawn (Code 7), or when deciding an exemption status (Category 13).  <u>See also</u> <u>N.J.A.C.</u> 18:12A-1.12(B)(1)(i); 18:12A-1.12(B)(1)(ii) (the left hand column in a county board judgment titled "Original Assessment" reflects "the assessed value of the land, improvements and the total of same" while the right-hand column is titled "Judgment" reflects the "<u>determination</u> of the county board of taxation separately for land, improvements and total") (emphasis added).  This will avoid any confusion to property owners as to the substance and effect of the judgment for purposes of the Freeze Act.

14

Plaintiff's argument is misplaced. The application of N.J.S.A. 54:3-26 presupposes a valuation appeal/hearing, based on which the county board of taxation renders its determination, as embodied in its judgment. The first paragraph of that statute requires a county board of taxation to "hear and determine all <u>such</u> appeals" within a certain period and then issue its judgments (emphasis added). The phrase "such appeals" refers to valuation of real property. This is because the Freeze Act, N.J.S.A. 54:3-26, is contained in Article 4, which is titled "Appeals," and sequentially follows N.J.S.A. 54:3-21, the statute governing the right to appeal the "assessed valuation" of real property. Thus, the Freeze Act applies to appeals where a property's valuation is at issue. Indeed, the highest court of this state, the New Jersey Supreme Court, has stated that the Freeze Act applies where there is a "judgment with respect to valuation" for a base year. <u>Boys' Club of Clifton</u>, 72 N.J. at 405. <u>See also</u> <u>1125-1127 Clinton Ave. Assoc.</u>, 2 N.J. Tax at 388-89 (since the added assessment statute requires an assessor to determine the "taxable value of the entire property," then on appeal, the county board of taxation's value determination, embodied in its final judgment, is eligible for Freeze Act) (relying on <u>City of Newark v. Rockford Furniture Co.</u>, 4 N.J. Super. 205 (App Div. 1949). Thus, plaintiff's contention that the courts are unduly restricting application of the Freeze Act, in contravention of its remedial purpose and to the detriment of taxpayers who spend time and money presenting valuation evidence, is misplaced.

15

Plaintiff next states that taxing districts within Monmouth County claim that their original assessments represent 100% of market value because they are based on annual "reassessments." This is why the Chapter 123 law was also specifically amended to make it inapplicable to such assessments. See N.J.S.A. 54:51A-6(d). As a result, plaintiff notes, it is rare for a County Board judgment to reflect assessment revisions under Code 1A, 1B, or 2A. Additionally, plaintiff argues, data shows an overwhelming majority of cases decided by the County Board being coded 2B, which means either that the County Board is not making any determination of value, or is using the Code 2B as a catchall, i.e., including those where evidence is proffered as to the property at issue.[10] Either conclusion, per plaintiff, "strains credulity."

However, even if not in the majority, the data does evidence assessment reductions. In any event, the court is not here to second guess the propriety of a final county board of taxation determination that a petition does not require assessment revision due to a failure to overcome the assessment's presumptive correctness. It

---

[10] Plaintiff provided a spread sheet of the County Board's judgments with their Codes for tax years 2022-2024 and for added assessments for tax years 2022-2023, as proof in this regard. The data showed that for tax years 2022-2024, judgments coded 2B were 78.5%; 69.7%; and 74% respectively. Of the added/omitted assessments for tax year 2023, judgments coded 2B were 100% (7 challenges, all with judgments coded 2B). Plaintiff noted that the judgments coded 1A or 2B were for assessments in towns within Monmouth County that did not participate in the claimed "annual reassessment" program. The Borough did not dispute this data.

will not divine or investigate into the hearing commissioner(s) thought processes or require a factual hearing to establish the nature of their recommendations. Rather, the court is guided by the four corners of the county board judgment since it is issued pursuant to the county board of taxation's quasi-judicial capacity and is attended with a presumption of correctness. Needless to say, any judgment of the County Board can be revised by this court, upon a <u>de novo</u> review, if the same is timely appealed to this court. <u>Cf.</u> <u>L.S. Village, Inc. v. Lawrence Twp.</u>, 8 <u>N.J. Tax</u> 287, 304 (Law Div. 1985) (rejecting application of the Correction of Errors law to a county board judgment, noting that whether a county board's judgment as to an assessment is a mistake either "of fact or law, it remains a judgmental error reversible only by the customary statutory appeal process").

**CONCLUSION**

For the aforementioned reasons, the court denies plaintiff's Freeze Act application.[11]

---

[11] Since the court deemed/converted plaintiff's incorrectly filed complaint as a Freeze Act application after plaintiff's confirmation on the record that he did not, and does not, intend to challenge the 2024 assessment for the Subject, the Borough's motion to dismiss the complaint as untimely filed is moot. Further, as noted above, mention of a counterclaim in the Borough's "Answer" to plaintiff's Freeze Act application appears to be an inadvertent error, therefore, is disregarded by the court (i.e., does not revive plaintiff's incorrectly filed valuation complaint).