PER CURIAM.
In these consolidated appeals, plaintiff Mountain View Crossing Investors LLC, the owner of an apartment complex in the Township of Wayne, challenges the judgment of the Tax Court upholding the reassessment of its property for tax year 2001 and the continuation of that assessment for tax year 2002. For substantially the reasons expressed by Judge Kuskin in his thorough written opinion, Mountain View Crossing Investors LLC, v. Township of Wayne, 20 N.J.Tax 612 (2003), we affirm.
Plaintiff asserts that it is the victim of an unconstitutional spot assessment because the reason for and the basis of the reassessment was its purchase of the apartment complex on December 28, 1998. Following a trial at which the only witness was the municipal tax assessor, the Tax Court “reject[ed] plaintiffs suggestion that the assessor engaged in a sinister scheme to circumvent the holding of Van Decker” [Township of West Milford v. Van Decker, 120 N.J. 354, 576 A.2d 881 (1990)], which prohibits the practice of increasing the assessed value only of properties purchased or sold in the municipality while leaving the value of other properties of the same class or category undisturbed. In other words, contrary to plaintiffs assertion, the Tax Court found that the reassessment was not based solely on plaintiffs purchase of the property.
Rather, the reassessment was found to have been based on independent income and expense information provided to the municipality as a result of the tax appeal it filed in 1999 — and *483 voluntarily withdrew in 2001.[1] We are satisfied that that finding and the court’s further finding that the reassessment was part of a pattern of revisions to the assessments of apartment complexes and other income producing properties in the Township of Wayne are adequately supported by substantial and credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co. of America, 65 N.J. 474, 483-84, 323 A.2d 495 (1974). Under such circumstances, the reassessment was not an unconstitutional spot assessment.
Affirmed.

 Plaintiff argues it was an abuse of process if indeed the municipality's appeal was solely for the purpose of obtaining information it had been unable to obtain from plaintiff's predecessor in title. Alternatively it conjectures that the appeal was a subterfuge or pretext to circumvent the holding of Van Decker.