**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4832-18
A-4833-18

JOVSIM, LLC,

     Plaintiff-Appellant,

v.

CITY OF NEW BRUNSWICK,

     Defendant-Respondent.

_____

Submitted September 29, 2021 – Decided November 17, 2021

Before Judges Fuentes, Gilson, and Gummer.

On appeal from the Tax Court of New Jersey, Docket Nos. 011827-2015 and 004211-2016.

Schneck Law Group, LLC, attorneys for appellant (Michael I. Schneck and Kevin S. Englert, on the briefs).

Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for respondent (Richard J. Mirra, of counsel and on the brief).

PER CURIAM

These consolidated appeals arise out of a reassessment of the value of property located in the City of New Brunswick (City) and a corresponding increase in the taxes on that property in 2015 and 2016. Plaintiff Jovsim, LLC appeals from an order by the Tax Court denying its motion for summary judgment and holding that the reassessment was not an illegal spot assessment. We affirm the judgment of the Tax Court.

I.

We take the facts from the record, which includes the materials submitted on the motion for summary judgment and the subsequent trial in the Tax Court on the valuation of the property.[1] The property is located at 66 Sicard Street and is designated block 86, lot 35.02 (the Property). It is in a single-family and two-family residential zone near the campus of Rutgers University. In 2010, the City granted a use variance so that a private developer could construct an apartment building for college students.

The Property consists of a three-story building with thirty-two two-bedroom apartments and two one-bedroom apartments. It also has an

---

[1] Plaintiff appeals from only the summary judgment order. Following the denial of summary judgment, however, plaintiff continued to pursue its appeal in the Tax Court and the action concluded with a valuation trial. Accordingly, the full record is relevant to this appeal.

A-4832-18

underground parking garage.  The Property is one of only a few privately owned student-housing apartments in the City.  Under a City ordinance, the Property is exempt from rent control for thirty years from the date of its completion.  The same developer constructed a similar building for student housing located at 130 Easton Avenue, which was about a half a mile away from the Property.

In 2012, after the construction was finished, the City issued a certificate of occupancy for the Property.  At that time, the Property was assessed with a value of $1,500,000.  According to the City's tax assessor, that 2012 value estimate was derived from income estimates provided by the developer and rental data from competitive properties in the area.

In December 2014, plaintiff purchased the Property for $9,370,000.  The City's tax assessor became aware of that sale in March 2015.  He investigated the validity of the 2012 assessment, the validity of the sale, and the Property's assessed value.  The tax assessor obtained and reviewed actual data for two years of the Property's operation.  He also collected and compared rental rates from other competing college rental properties in the area.  Based on that review, the tax assessor came to the belief that the assessment significantly undervalued the Property.  Accordingly, as authorized by a City resolution, the tax assessor asked

the City's special tax counsel to file a tax appeal of the 2015 property tax on the Property.

On March 30, 2015, the City filed a petition with the Middlesex County Board of Taxation (the Tax Board), seeking an increase of the 2015 assessment of the Property's value from $1,500,000 to $3,600,000. The City contended that the Property was under-assessed and that $3,600,000 was an accurate assessment after calculating 38.72 percent, the ratio under N.J.S.A. 54:1-35a to -35c for 2015, of $9,370,000, the recent sale price. At the same time the City filed an appeal with the Tax Board concerning the Property, it also appealed the assessments on eight other properties.

On June 12, 2015, the Tax Board conducted a hearing on the City's assessment appeals. Plaintiff appeared with counsel, but the only witness who testified was the City's tax assessor. That same day, the Board entered a judgment increasing the assessment on the Property from $1,500,000 to $3,500,000. The assessments on the other eight properties were increased by way of settlement.

Plaintiff timely filed a complaint with the Tax Court in August 2015, challenging the Tax Board's judgment for tax year 2015. The City filed an answer and counterclaim. The counterclaim sought relief under N.J.S.A. 54:3-

4

21 to increase the Property's assessment to its true value. That statute allows either a taxpayer or a taxing district to appeal the assessed value of property. Ibid.

For the tax year 2016, the City tax assessor set the assessment of the Property's value at the same value of $3,500,000, acting in accordance with N.J.S.A. 54:3-26. Plaintiff filed a direct appeal of the assessment for 2016 with the Tax Court.

In June 2016, plaintiff moved for summary judgment in the Tax Court on both of its appeals of the assessment for 2015 and 2016. Plaintiff sought to have the Tax Court vacate the Tax Board's judgment for the 2015 tax year, contending that the reassessment was an illegal spot assessment based purely on the sale price of the Property in December 2014. Plaintiff also argued that the 2016 assessment should be rolled back since it was carried forward from the 2015 reassessment. In addition, plaintiff moved to dismiss the City's counterclaim, arguing it was untimely and had not been pled before the Tax Board.

In an order and opinion issued January 24, 2017, the Tax Court denied plaintiff's request for summary judgment. The Tax Court found that the City's tax appeal to the Tax Board was not an illegal spot assessment. While noting that the December 2014 sale of the Property "undoubtedly had a role to play in

the City's appeal challenging the 2015 assessment," the Tax Court reasoned that it was not an illegal spot assessment because the validity of the reassessment was left to the Tax Board. Instead, the Tax Court found that the assessor was appropriately concerned about the Property's under-assessment because of the sale and noted the Property was a new kind of student housing in the City.

The Tax Court also found that the lack of a revaluation for nearly a quarter of a century (the City's last city-wide revaluation was in 1991) did not establish that the assessment was a spot assessment. The court reasoned that such a holding would effectively nullify the statutory authority in N.J.S.A. 54:3-21, which allows taxing districts to appeal a property's assessment. Finally, the Tax Court reasoned that accepting plaintiff's position would entitle plaintiff to pay less than its fair share of taxes until the City undertook a revaluation of the property values in the entire City.

The Tax Court consolidated both matters, and plaintiff moved for reconsideration of the denial of summary judgment, contending that the Tax Court had failed to consider our Supreme Court's decision in Township of West Milford v. Van Decker, 120 N.J. 354 (1990). The Tax Court denied that motion and issued an opinion on July 25, 2017, and an order on August 4, 2017. The Tax Court pointed out that it did not ignore Van Decker. Instead, it had included

Van Decker as part of an in-depth analysis of Borough of Freehold v. WNY Properties L.P./Post & Coach, 20 N.J. Tax 588 (Tax 2003).

Following the denial of plaintiff's motion for reconsideration, the parties engaged in additional discovery, and a valuation trial was conducted in May 2019. At that trial, both parties presented testimony from real estate appraisal experts. After hearing the evidence, the Tax Court found that the Property's true value was $7,776,799 for 2015 and $8,176,735 for 2016. The court placed its reasons for that ruling on the record on May 28, 2019. That same day, the Tax Court entered orders affirming the 2015 and 2016 assessments. On July 25, 2019, the Tax Court issued a written supplemental decision as well as a corrected judgment for the 2015 tax year to reflect a value of $3,011,000.

Plaintiff filed notices appealing both the 2015 and 2016 tax year judgments. We consolidated those appeals.

II.

On appeal, plaintiff makes two arguments contending that the Tax Court erred in failing to grant it summary judgment because (1) the reassessment was an unconstitutional spot assessment; and (2) the City's tax assessor violated N.J.S.A. 54:4-23 by not undertaking a reassessment of all under-assessed properties and submitting a compliance plan. We disagree and affirm.

We review the Tax Court's decision denying summary judgment de novo and apply the same legal standards employed by that court. Waksal v. Dir., Div. of Tax'n, 215 N.J. 224, 231-32 (2013). "[W]hether there exists a genuine issue with respect to a material fact challenged [on a motion for summary judgment] requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party . . . are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). Although the "factual findings of a Tax Court judge are entitled to deference because of that court's expertise in the field, the judge's interpretation of a statute is not entitled to such deference and is subject to our de novo review." Advance Hous., Inc. v. Twp. of Teaneck, 422 N.J. Super. 317, 327 (App. Div. 2011).

1.    A Spot Assessment

The New Jersey Constitution mandates that property "shall be assessed for taxation under general laws and by uniform rules . . . according to the same standard of value . . . ." N.J. Const. art. VIII, §1, ¶ 1. Accordingly, "[e]quality of treatment in sharing the duty to pay real estate taxes is a constitutional right." Murnick v. City of Asbury Park, 95 N.J. 452, 458 (1984).

A-4832-18

A spot assessment is the unconstitutional and discriminatory practice of singling out for reassessment a particular property or group of properties while other properties are not reassessed. Van Decker, 120 N.J. at 357; Schumar v. Borough of Bernardsville, 347 N.J. Super. 325, 330 (App. Div. 2001). In Van Decker, the municipal tax assessor increased the appraised value of a property to reflect the recent purchase price. 120 N.J. at 357. The assessor also increased the appraised value of 346 other properties that had been sold in the town that year. Id. at 359. Our Supreme Court held that that practice constituted a spot assessment that violated both the uniformity clause of the New Jersey Constitution and the Equal Protection clause of the federal Constitution. Id. at 362-63. The Court explained:

> By singling out for reassessment only that small group of taxpayers who purchased homes in 1984 while leaving undisturbed the assessments of other property in the class, West Milford deviated from the well-established assessment policy of the State. Such spot assessments known as the "welcome stranger" pattern, are commonly recognized as intentional discriminatory practices.
>
> [Id. at 361.]

It is arbitrary and intentional discrimination that is unconstitutional. Id. at 362. Tax districts can conduct reassessments for certain properties in years when there is no district-wide reevaluation. Ibid. For example, a property can

9

be reassessed when it has been improved or a study shows the property is part of a class of under-assessed properties. Ibid. "However, under no circumstances can appraised valuation of property be increased merely because it has been sold." Ibid.

Determining whether there has been a spot assessment is fact-sensitive and finding a spot assessment is rare. Corrado v. Twp. of Montclair, 18 N.J. Tax 200, 202 (Tax 1999); City of Elizabeth v. 264 First St., LLC, 28 N.J. Tax 408, 454 (Tax 2015). The focus is on whether there are legitimate reasons apart from the sale of the property for the reassessment. Van Decker, 120 N.J. at 362; compare Brunetti v. Cherry Hill Twp., 21 N.J. Tax 80, 86 (App. Div. 2002) (holding adequate independent basis existed for reassessment when assessor discovered property did not contain wetlands that previously served to reduce its valuation, a "distinct and definable factor that could significantly affect property value for tax purposes"), with Centorino v. Tewksbury Twp., 347 N.J. Super. 256, 266-67 (App. Div. 2001) (finding spot assessment discrimination and no legitimate non-sales related justifications warranting increase in appraised valuation when city decided property was wrongfully classified only after it was sold and without an original property record card). If the reassessment was based on "independent non-sales-related considerations," the

assessment is not an unconstitutional spot assessment.  Brunetti, 21 N.J. Tax at 84.

The sale of plaintiff's Property was not the sole reason for the reassessment.  The City tax assessor certified, without contradiction from plaintiff, that the apartment building was recently constructed in 2012 and was unique as a student-housing apartment building.  The assessor also analyzed the recent income information from the Property and compared the Property to other nearby apartments.  Those facts establish that the reassessment was not based solely on the sale in December 2014; rather, the reassessment was based on the analysis of the improvements to the Property and the under-assessment of the Property in 2012.

Plaintiff argues that the issue presented is a pure question of law based on undisputed facts.  It assumes that the reassessment was based solely on the sale of the Property in December 2014.  The record, however, refutes plaintiff's position.  The record was developed both on the appeal to the Tax Board and on plaintiff's appeal to the Tax Court.  Indeed, following the denial of summary judgment by the Tax Court, the matter proceeded to a valuation trial where both plaintiff and the City presented expert testimony and the Tax Court made findings of fact and conclusions of law.  Consequently, plaintiff cannot ask us

to simply ignore the complete record and focus on the arguments it made in moving for summary judgment.

Moreover, the reassessment was not a unilateral act by the City tax assessor. Instead, the City appealed to the Tax Board and the Board conducted a hearing. Importantly, it is not merely the appeal to the County Board that makes the reassessment legitimate. It is the testimony of the City's tax assessor establishing independent considerations apart from the recent sale of the Property that supports the legitimacy of the reassessment.

In that regard, we note that the Tax Court followed the holding in WNY Properties, 20 N.J. Tax at 604-05, where the Tax Court found that a municipal appeal of an assessment is not the equivalent of an assessment by the tax assessor. A municipal appeal "is a claim that a property has been under-assessed, and a request for relief from [the Tax Court] in the form of a determination as to the property's true value." Id. at 605. But "[i]n any appeal, regardless of by whom made, [the Tax Court] is required to 'apply its own judgment to valuation data submitted by experts in order to arrive at a true value and find an assessment' for the subject property." Ibid. As already noted, there must be legitimate reasons apart from a recent sale to establish that a reassessment is lawful. See Van Decker, 120 N.J. at 362; Brunetti, 21 N.J. Tax

at 84. While the record shows that the City's tax assessor began to investigate the value of the Property because of the December 2014 sale, the decision to seek a reassessment was based on other legitimate considerations.

Plaintiff also argues that the reassessment was impermissible in the absence of a city-wide reassessment. Plaintiff points out that the City implemented a municipal-wide revaluation in 1991 and did not conduct another revaluation until 2017. A periodic revaluation of all real property in a tax district is required to maintain assessments at true value and to achieve tax equality. Keane v. Twp. of Monroe, 25 N.J. Tax 479, 493 (Tax 2010). Nevertheless, even when a district-wide revaluation has not occurred, a property can still be reassessed if there are legitimate reasons for the reassessment apart from the sale of the property. Van Decker, 120 N.J. at 362. See also Mountain View Crossing Invs., LLC v. Twp. of Wayne, 20 N.J. Tax 612, 620 (Tax 2003), aff'd, 21 N.J. Tax 481 (App. Div. 2004). We agree with the Tax Court that requiring a reassessment to be undertaken only in connection with a district-wide revaluation would effectively nullify N.J.S.A. 54:3-21, which grants tax districts the right to appeal assessments to ensure that taxpayers are paying their fair share of taxes.

A-4832-18

2.    N.J.S.A. 54:4-23

Plaintiff next asserts that the Tax Court erred in not granting it summary judgment because the tax assessor violated N.J.S.A. 54:4-23 by not undertaking a partial reassessment of all under-assessed properties in the City and submitting a compliance plan reflecting that reassessment. We disagree.

N.J.S.A. 54:4-23 provides, in relevant part:

> [W]hen the assessor has reason to believe that property comprising all or part of a taxing district has been assessed at a value lower or higher than is consistent with the purpose of securing uniform taxable valuation of property according to law for the purpose of taxation, or that the assessment of property comprising all or part of a taxing district is not in substantial compliance with the law and that the interests of the public will be promoted by a reassessment of such property, the assessor shall, after due investigation, make a reassessment of the property in the taxing district that is not in substantial compliance, provided that (1) the assessor has first notified, in writing, the mayor, the municipal governing body, the county board of taxation, and the county tax administrator of the basis of the assessor's determination that a reassessment of that property in the taxing district is warranted and (2) the assessor has submitted a copy of a compliance plan to the county board of taxation for approval.

A compliance plan is required when all or part of a taxing district is under- or over-assessed in violation of the principals of uniformity of taxation. Metz Fam. Ltd. P'ship v. Twp. of Freehold, 30 N.J. Tax 513, 523 (Tax 2018). The

assessment of a single property does not always require the approval of a compliance plan under N.J.S.A. 54:4-23. 264 First St., 28 N.J. Tax at 417. Instead, the reassessment of a single property, if done properly, is consistent with the assessor's obligation to maintain the assessment list on an annual basis. See Tri-Terminal Corp. v. Borough of Edgewater, 68 N.J. 405, 413-14 (1975); Regent Care Ctr., Inc. v. City of Hackensack, 362 N.J. Super. 403, 411-12 (App. Div. 2003).

In making this argument, plaintiff relies on 264 First St., where the County Board of Taxation invalidated the assessment of 212 properties because the assessor did not follow procedural safeguards before or after assessment, including failing to submit a compliance plan in accordance with N.J.S.A. 54:4-23. 28 N.J. Tax at 417. The Tax Court upheld that ruling but noted that a compliance plan is not always required "in cases affecting changes to only a single or a limited number of property assessments in a taxing district." Id. at 431. Unlike in 264 First St., the City appealed eight other properties for reassessment along with plaintiff's Property. None of those properties had characteristics like plaintiff's Property. Consequently, there has been no showing that the City assessor violated N.J.S.A. 54:4-23.

In summary, we affirm the orders of the Tax Court dated January 24, 2017, denying summary judgment, and August 4, 2017, denying plaintiff's motion for reconsideration. Because plaintiff has not appealed from the corrected judgment entered on July 25, 2019, concerning tax year 2015, or the judgment entered on May 28, 2019, concerning tax year 2016, those judgments remain in place.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4832-18